UNITED STATES

v.

**Michael John SALLEE, 311 70 5306, Seaman Apprentice (E–2), U. S. Navy.**

**NCM 77 1375.**

U. S. Navy Court of Military Review.

Sentence Adjudged 24 March 1977.

Decided 17 Oct. 1977.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

CAPT Christopher Miller Klein, USMC, Appellate Government Counsel.

Before DUNBAR, BAUM and MALLERY, JJ.

BAUM, Judge:

Appellant was convicted by special court-martial, judge alone, of two unauthorized absences and one breaking restriction, after pleading guilty pursuant to a pretrial agreement. The judge deliberated for an hour and 7 minutes on the sentence in closed session before opening the court and making the following comments:

> MJ: Gentlemen, after a careful consideration of all the factors involved in this case, it is my determination that the most appropriate sentence for this accused would include a suspended bad conduct discharge. It is my determination that a sentence that didn't deal with any unsuspended bad conduct discharge would not be appropriate. As you are well aware of recent pronouncements by the highest military judicial tribunal, they have reiterated the long-standing position that military judges are not empowered to suspend sentences. However, I had reviewed the relevant case-law dealing with the issue of military judges' viewing of the entire pretrial agreement before sentencing and, as a result, I find that while the Court of Military Appeals disapproves of such practice, that the military judge's viewing of sentencing provisions prior to sentencing is not inherently prejudicial to that particular accused. The ultimate question remains whether the military judge failed to adjudge a fair, impartial and appropriate sentence because he was privy to the arrangements worked out in advance of the trial by the convening authority and the accused. Since, in my position, I have no way of knowing whether or not the convening authority would act favorably on the recommendation which I might make for the suspension of the bad conduct discharge, it is my position that the most fair and appropriate means of arriving at the proper sentence in this case would be for me to view the sentencing provisions of the pretrial agreement prior to completing my deliberations. For the record, if the pretrial agreement in this case is silent as to the suspension of any bad conduct discharge or if it calls for the approval of a bad conduct discharge, then I will not award a bad conduct discharge, because as I have already indicated, I consider any unsuspended bad conduct discharge to be inappropriate. So at this time I would ask the trial counsel to have marked as a court exhibit the sentencing provision. [R. 30–31].

The judge then looked at the sentence terms of the pretrial agreement which called for suspension of any punitive discharge, approval of only 120 days confinement and approval of forfeitures, fine, and reduction as adjudged. After closing again for one minute, he announced a sentence consisting of a bad conduct discharge, confinement at hard labor for 2 months, forfeiture of $200.00 pay per month for 3 months and reduction to pay grade E–1. That sentence has been approved on review below with the bad conduct discharge suspended pursuant to the terms of the pretrial agreement.

Appellant asserts the following as error before this Court:

THE MILITARY JUDGE IMPROPERLY EXAMINED THE SENTENCING PROVISIONS OF THE PRETRIAL AGREEMENT PRIOR TO IMPOSING SENTENCE AND DID THEREBY IMPEACH HIS SENTENCE.

The Government responds that examination of the pretrial agreement's sentence terms before sentencing is not prohibited by the leading case of *United States v. Green*, 24 U.S.C.M.A. 299, 52 C.M.R. 10, 1 M.J. 453 (1976). Instead, that case merely places the judge on notice that he should be cautious about obtaining foreknowledge of sentencing provisions. We agree. As acknowledged by appellant during oral argument, there could be situations where the accused would benefit from such an examination; accordingly, viewing the sentence portion of the agreement is not necessarily error prejudicial to the accused in every case. Furthermore, the Court in *Green, supra*, cited as the reason for delaying examination until after sentencing, the possible enhancement of perceived fairness of the sentencing process rather than any actual unfairness or prejudice to the accused. We see nothing inherently wrong in a trial judge knowing all the terms of a pretrial agreement. In fact, we find it generally beneficial to the trial process that the judge be as informed as possible about matters bearing on the issues being litigated. We presume that here, as on other issues, he will properly limit his deliberations to only those matters he should consider, disregarding all others, and will not allow himself to be influenced by inadmissable evidence or argument. This presumption may be overcome by the facts in any particular case, which may indicate improprieties by the judge. When such occur, appropriate action should be taken with respect to that case, without changing the general rule.

With that as our general proposition, we must then look at the facts of this particular case. Here, we believe the judge's own words reveal that his actions were improper and prejudicial to the appellant. If he had not known the sentence terms of the pretrial agreement, he would not have imposed an unsuspended bad conduct discharge, the only kind he could adjudge. He therefore decided to increase the severity of the sentence in this respect after the viewing. The bad conduct discharge, therefore, must be disapproved.

The findings of guilty and only so much of the sentence approved below as provides for confinement at hard labor for 2 months, forfeitures of $200.00 pay per month for 3 months and reduction to pay grade E–1 are affirmed.

Senior Judge DUNBAR and Judge MALLERY concur.