UNITED STATES

v.

Ira Clinton CUSTER, Jr., 213 58 7603, Seaman (E–3), U. S. Navy.

NCM 79 0461.

U. S. Navy Court of Military Review.

Sentence Adjudged 11 Dec. 1978.

Decided 28 June 1979.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

DUNBAR, Senior Judge:

Appellant was tried by a special court-martial, officer members, convened by Head, Transient Personnel Department, Naval Support Activity, Philadelphia, Pennsylvania, on 7 and 11 December 1978 at Naval Legal Service Office, Philadelphia. Consonant with his pleas, he was convicted of six specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The panel of officer members sentenced appellant to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $250.00 pay per month for 3 months, and reduction to pay grade E–1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for 45 days, forfeitures of $250.00 pay per month for 3 months, and reduction to E–1. The supervisory authority approved the sentence as approved by convening authority.

Prior to sentencing by the members, the military judge instructed the members as follows:

A pretrial agreement may or may not exist in this case, and under the present case law, you are not entitled to know the terms of any agreement, if one exists, or to even know if one does exist. An agreement, if one does exist, could provide, among other things, that no bad conduct discharge will be approved; that any bad conduct discharge approved will be suspended; or it could involve a limitation on the amount of confinement, forfeitures, fine, or reduction that will be approved. Counsel for both sides have argued for particular types and amounts of sentence. Under the law they are allowed to argue for the maximum or minimum without any regard to any pretrial agreement that may exist. In fact, both sides are allowed to argue for a sentence that they know will never be approved in an attempt to achieve the maximum benefit for the side that they

represent. The purpose of me advising you of this is to inform you as to the law that you should be aware of in determining sentence. You should never award a sentence based on the hope or a guess that it will be reduced by the convening or a higher authority, either under their inherent power or pursuant to a pretrial agreement.

Your sentence must be fair and just, and it must be based on the nature of the offense and all the matters presented to you. Counsel's argument are not evidence, and although they should and, in fact, must be considered by you in arriving at an appropriate sentence, you should keep in mind the matters just discussed in deciding how much, if any, influence these arguments should have on you. [R. 67].

Appellant now asserts that the military judge prejudicially erred when he instructed the members concerning the possible existence of a pretrial agreement, the possible effect such an agreement might have on any sentence adjudged, and the right of counsel to argue for a sentence which "they know will never be approved" because a pretrial agreement exists. Appellant claims prejudicial error is committed when either the trial judge or the trial counsel, by whatever means, informs the court members of the existence of a pretrial agreement between the accused and the convening authority, citing *United States v. Bitts*, 50 C.M.R. 87 (A.C.M.R.1975); *United States v. Massie*, 45 C.M.R. 717 (A.C.M.R.1972); *United States v. Withey*, 25 C.M.R. 593 (A.B.R.1957). *Cf. United States v. Rivera*, 49 C.M.R. 838 (A.C.M.R.1975); § 0114b (1)(c), JAGMAN. Moreover, he also maintains that the prejudice is not cured when, after the existence of the pretrial agreement has come to the attention of the court members, the judge instructs the members that the agreement should not in any way influence their deliberations on an appropriate sentence and that they should not award a sentence in reliance on possible mitigating action which the convening authority may be required to take on the sentence pursuant to the pretrial agree-

ment. *United States v. Massie, supra*, 45 C.M.R. at 718; *United States v. Withey, supra*, 25 C.M.R. at 595.

It is noted that the instruction in question was given over the objection of the trial counsel, who had informed the military judge that the proposed instruction could result in a reversal of the case.

In my opinion the military judge used poor judgment in giving the instruction. There was simply no reason for him to venture into the area of pretrial agreements. The offenses alleged involved unauthorized absences and ordinarily there would be no reason for court members to suspect the existence of a pretrial agreement in connection with such offenses. The instructions given merely alerted the court to the possibility that such an agreement might possibly exist, else why was it mentioned. As appellate counsel suggests, this could have resulted in the court members imposing a more severe sentence on the assumption that it would ultimately be tailored in accordance with the prior agreement. Consequently, we must express our disapproval of the instructions given in this case. Ordinarily, we might very well order a rehearing on the sentence. We note, however, that the court-members imposed a fair sentence and one which was much less severe than the maximum provided for the offenses alleged. Accordingly, we are compelled to conclude that the members exercised independent and impartial judgment in arriving at the sentence and no substantial prejudice resulted to the appellant.

In view of the foregoing, the findings and sentence as approved below are affirmed.

GREGORY, Judge (concurring):

The insistence of the trial judge in this case on instructing the court members concerning the effect of a pretrial agreement can only be likened to a "death wish." The Court of Military Appeals in *United States v. Wood*, 23 U.S.C.M.A. 57, 48 C.M.R. 528 (1974), explicitly indicated that the prosecution and defense may disregard the provisions of a pretrial agreement and try to

convince the sentencing authority, either the military judge or court members, of the appropriateness of a sentence not in accordance with the terms of such an agreement. It was totally unnecessary for the military judge to elaborate on matters that were of no concern to the court members. *See United States v. Montes*, 44 C.M.R. 784 (N.C.M.R.1971).

Despite the error of the military judge in instructing as he did, however, I fail to discern any fair risk of prejudice to this appellant. The appellant stands convicted of six specifications of unauthorized absence covering the major portion of the period from May 1977 to October 1978. The sentence imposed by the court members is certainly fair to this appellant and not inappropriate for his offenses. I concur in the conclusion of Senior Judge Dunbar that the court members exercised independent and impartial judgment in their sentence and that no undue influence was brought about in this case by the instructions in question.

GLADIS, Judge (dissenting):

In my opinion the trial judge's instruction on the possible existence of a pretrial agreement constituted prejudicial error. Therefore, I dissent from the affirmance of the sentence. In effect the judge instructed the court members that there was a pretrial agreement. He admonished them to consider the possibility of a pretrial agreement in weighing the arguments of counsel during their deliberations on sentence. The probable likelihood is that knowledge of a pretrial agreement would incline the court members to impose a heavy sentence relying on subsequent mitigating action to reduce it. *See United States v. Wood*, 23 U.S.C.M.A. 57, 48 C.M.R. 528 (1974); *United States v. Montes*, 44 C.M.R. 784 (N.C.M.R. 1971). Under these circumstances additional instructions to the members not to rely on the possibility of mitigating action are not sufficient to cure the error. *See United States v. Massie*, 45 C.M.R. 717 (A.C.M.R. 1972), *pet. den.* 45 C.M.R. 928 (C.M.A.1972). The conclusion of the majority that the court members in this case exercised independent judgment is sheer speculation. In my opinion the prejudice can be purged only by a rehearing on sentence. Therefore, I would set aside the sentence.