**UNITED STATES**

v.

**Luis A. DIAZ, Seaman Apprentice,
U.S. Coast Guard.**

**CGCMS 23960.
Docket No. 942.**

U.S. Coast Guard Court of
Military Review.

11 May 1990.

---

Trial Counsel: LCDR David G. Dickman USCG.

Civilian Defense Counsel: Luis R. Rivera, Esquire.

Detailed Defense Counsel: LT Kevin J. Collins, USCGR.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG.

Before Panel Two, BAUM, BARRY and GRACE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant, pursuant to his pleas of guilty, was convicted by Special Court-Martial judge alone of one specification of cocaine use, two specifications of wrongful introduction of cocaine and two specifications of wrongful possession of cocaine in violation of Article 112a of the Uniform Code of Military Justice, 10 U.S.C. § 912a. He was sentenced to be discharged from the U.S. Coast Guard with a bad conduct discharge, to be reduced to pay-grade E–1, to be confined for four months and to forfeit $150.00 pay per month for four months. The convening authority, pursuant to a pretrial agreement, approved the reduction, forfeiture and discharge but only so much of the confinement that amounted to 65 days.

Appellant has assigned two errors. In his first assignment, appellant contends that because the military judge in this trial by judge alone became aware of the pretrial agreement's most important sentence limitation prior to trial, this Court must disapprove the sentence that the judge imposed. We disagree. Examination of the pretrial agreement's sentence terms by the judge in a trial by him alone is not absolutely prohibited. The judge must merely be cautious about obtaining foreknowledge of sentence provisions to avoid prejudicial error. *U.S. v. Sallee*, 4 M.J. 681 (NCMR 1977). The judge in this case fulfilled his obligation in this regard.

The defense counsel, not the judge, caused the breach with respect to sentencing terms, having blurted out that information while the judge was talking to the trial counsel about an administrative matter before trial. Subsequently, the military judge made the incident known on the record and offered defense counsel the opportunity to question him on voir dire. In so doing, the military judge handled this matter with care and perceptiveness. Defense counsel had neither questions nor challenge for the judge. Record of Trial at 5 and 6. There was no error. The assignment is without merit.

In his second assignment, appellant submits that the judge erred in not inquiring into the terms and conditions of appellant's pretrial restraint. The judge made a careful and thorough inquiry into all aspects of the pretrial agreement, including clarification of the length of confinement for credit purposes. We are un-

aware of any further obligation to inquire into the terms and conditions of appellant's restriction with a view to possible crediting, absent an assertion at trial by the defense that the terms of the restriction were such that it was tantamount to confinement. The accused did not raise the issue at trial or afterwards. While serving his confinement, he never asserted that he was entitled to an earlier release date based on pretrial restriction. Furthermore, the 65 days confinement approved by the convening authority commenced on 11 October 1989, the date of trial, and has long since run its course. By no stretch of the imagination, do we perceive an issue as to pretrial restriction, either as a separate matter or in conjunction with the pretrial agreement. If it were an issue, however, we would deem it waived. The second assignment is accordingly rejected.

After review of this record pursuant to our responsibilities under Article 66, UCMJ, 10 U.S.C. § 866, we are convinced that the findings and sentence are correct in law and fact. On the basis of the entire record, we believe they should be approved. Accordingly, the findings and sentence approved below are affirmed.

Judge GRACE concurs.*

---

* Judge Barry did not particpate in this case.