## UNITED STATES

v.

**Technical Sergeant Joseph R. PHILLIP-SON, FR 500–56–5533, United States Air Force.**

### ACM 28213.

U.S. Air Force Court of Military Review.

Sentence Adjudged 17 Aug. 1989.

Decided 18 May 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair.

Appellate Counsel for the United States: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Paul H. Blackwell, Jr. and Captain David G. Nix.

Before HODGSON, SPILLMAN AND PRATT, Appellate Military Judges.

### DECISION

PRATT, Judge:

Consistent with his pleas at a general court-martial before military judge alone, appellant was convicted of four specifications of sodomy with a child and five specifications of indecent acts or liberties with a child, all on divers occasions and covering various periods between June 1986 and May 1989. The military judge sentenced him to a dishonorable discharge, confine-

ment for 23 years, and reduction to airman basic. Pursuant to a pretrial agreement, the convening authority reduced the period of confinement to 10 years and approved the remaining components of the sentence as adjudged.

On appeal, appellant asserts two errors: (1) that the military judge erred by failing to recuse himself after he became aware of a portion of the terms of the pretrial agreement, and (2) that the approved sentence is inappropriately severe. In our opinion, neither of these assigned errors has merit and only the first warrants extended discussion.

At the outset of the trial, when asked if he was aware of any matter which may be a ground for challenge against him, the military judge stated:

> Yesterday ... I was in the base legal office when Major Morrow [circuit trial counsel] was on the phone with Mr. Stone and Captain Mclean [civilian and military defense counsel]. Major Morrow called me to the phone to discuss with Mr. Stone the start time for an Article 39(a) session. After I returned the phone to Major Morrow, but before I could depart the room, I heard Major Morrow say "10 years." I took this remark to be a reference to a pretrial agreement. I do not know if that reference was to a defense offer or a government counteroffer. I did know at the time that there was no Pretrial Agreement in existence. The information I inadvertently overheard will not influence my decisions in this case. I will judge this case on its merits, regardless of whether it is tried by judge alone or with court-members. I am not aware of any other matters which may be a grounds for challenge against me.

Noting that there was, in fact, a pretrial agreement in the case and that the appellant desired to request trial by military judge alone, the defense challenged the military judge for cause, expressing concern that he might be influenced by the information he had overheard. The military judge denied the challenge against him.

Thereafter, following a full explanation of his rights as to forum, the appellant elected to be tried by this military judge alone. The quantum portion of the pretrial agreement, reviewed formally by the military judge after the announcement of sentence, provided for a sentence "cap" which included, among other components, confinement for 10 years.

While there are a number of cases dealing with varying degrees of knowledge about a pretrial agreement by individual court members or entire court panels, *United States v. Wood*, 23 U.S.C.M.A. 57, 48 C.M.R. 528 (1974), *United States v. Jobson*, 28 M.J. 844 (A.F.C.M.R.1989), *United States v. Custer*, 7 M.J. 919 (N.C.M.R. 1979), *United States v. Massie*, 45 C.M.R. 717 (A.C.M.R.1972), *United States v. Withey*, 25 C.M.R. 593 (A.B.R.1958), those cases do not form a basis for comparison with cases in which sentencing is to be done by a military judge sitting alone.

We believe that the Army Court of Military Review said it very well over 20 years ago:

> We perceive no compelling reasons for an absolute rule that would forbid the military judge from acquiring knowledge of the existence of a pretrial agreement or the provisions thereof. Certainly, the case law, forbidding such knowledge by members of a court-martial [citations omitted] cannot logically be extended to include the military judge within the proscription. Unlike a member of a court-martial, the military judge is presumed to know, when trying a case alone, what he can consider and to consider only that which is proper when adjudging the sentence, at least absent a showing to the contrary.

*United States v. Razor*, 41 C.M.R. 708 (1970), *aff'd*, 19 U.S.C.M.A. 570, 42 C.M.R. 172 (1970). This view was sanctioned soon thereafter by the Court of Military Appeals:

> We perceive no reasonable risk that other trial judges would be any less independent and impartial because they knew the sentence terms of a pretrial agreement. We conclude, therefore, that

there is no reasonable risk that knowledge of the sentence provision of a pretrial agreement would incline the military judge to abstain from adjudging a less severe sentence than he would otherwise have imposed.

*United States v. Villa,* 19 U.S.C.M.A. 564, 567, 42 C.M.R. 166, 169 (1970).

Several years later in *United States v. Green,* 1 M.J. 453 (C.M.A.1976), a case better known for establishing the requirement for formal judicial scrutiny of pretrial agreements as part of all *Care*[1] inquiries, the Court once again acknowledged the presumption that military judges are fully capable of adjudging fair and impartial sentences unaffected by foreknowledge of the quantum portion of a pretrial agreement. Although setting out a procedure whereby inquiry into the quantum portion of such agreements "should" be delayed until after the military judge announces his sentence, the Court made it clear that this procedure was favored because "it may enhance the perceived fairness of the sentencing process," *not* because foreknowledge was inherently prejudicial to an accused. *Id.* at 455.

The same scheme persists to this day.[2] As a matter of practice, military judges sitting alone should not examine or otherwise seek to discover, in court or out, the specific contents of the quantum portion of a pretrial agreement until after sentence has been announced. The only benefit of such early discovery is that it would enable the military judge to insure, at an appropriately early stage of the proceeding, that the accused has a full and accurate understanding of the limitations for which he or she has bargained. This benefit, however, is ordinarily outweighed by the benefits in perceived fairness which attend the preferred procedure.

Military judges are officers and attorneys who, based on their knowledge, experience and mature judgment, have been chosen to occupy a position of special responsibility and trust. They are completely independent of the convening authority, with a charter to administer justice in a fair and impartial manner. They are frequently called upon to disregard inadmissible or irrelevant evidence or arguments and to scrupulously confine their consideration on various issues to matters properly before the court. We have no doubt that they perform these tasks with great care and integrity. They are entitled here, as in those other situations, to the presumption that they have performed their sworn duty properly, in the absence of a clear indication to the contrary.[3] *United States v. Montgomery,* 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970).

■ In the case presently before us, the military judge did not willingly depart from the preferred scheme, but inadvertently gained some knowledge which he attributed as possibly revealing a portion of the sentence limitation of a pretrial agreement. He properly brought this matter to the attention of counsel, was available for questioning, and assured counsel that he would not be influenced by the matter revealed. His refusal to recuse himself upon challenge by the defense was consistent with his discretion under R.C.M. 902(d)(1) and, based on our review of the record of trial, entirely proper.[4] Further, the record

1. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

2. *See* R.C.M. 910(f)(3) ("the military judge *ordinarily* shall not examine any sentence limitation contained in the agreement until after the sentence...") (emphasis added) and Air Force Regulation 111–1, *Military Justice Guide,* para. 7–5a (30 September 1984) ("the military judge *should not inquire* into the actual sentence limitations ... until after sentence ...") (emphasis added).

3. *See United States v. Sallee,* 4 M.J. 681 (N.C.M.R.1977) (prejudicial error where judge noted on the record that his sentence was influenced by his prior review of the sentencing provisions of the pretrial agreement.)

4. R.C.M. 902(a) states that "a military judge shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." Since a person's impartiality can always be questioned, the key word here is "reasonably." Without this important qualifier, properly applied, our military judges and military justice system could not function. *See United States v. Elzy,* 25 M.J. 416 (C.M.A.1988) (judge's decision on recusal is subject to an abuse-of-discretion standard.)

discloses nothing to indicate that the sentence given by the military judge was in any way influenced by the information he had overheard or, stated another way, that the sentence would have been any different if he had not overheard it. Accordingly, we find no error.

■ With regard to the appropriateness of appellant's sentence, we have carefully reviewed the record of trial, including clemency matters submitted by and on behalf of the appellant. Over a three-year period, appellant subjected his young stepdaughter to repeated instances of oral and anal sodomy, digital penetration, masturbation and other indecent acts or liberties. These are serious offenses warranting serious punishment. Giving due consideration to mitigating circumstances, clemency matters, and appellant's length and quality of service, we nevertheless have no hesitation in rejecting appellant's contention that the approved sentence is inappropriately severe. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Chief Judge HODGSON concurs.

Judge SPILLMAN did not participate in this decision.

UNITED STATES

v.

**Airman Lisa M. SMITH, FR 381–80–9631, United States Air Force.**

**ACM 28014.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 June 1989.

Decided 18 May 1990.

