# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**CHADD L. BAKER**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300402**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 1 August 2013.
**Military Judge:** LtCol Elizabeth Harvey, USMC.
**Convening Authority:** Commanding Officer, 9th Communication Battalion, I Marine Expeditionary Force Headquarters Group, I MEF, Camp Pendleton, CA.
**Staff Judge Advocate's Recommendation:** Col S.D. Marchioro, USMC.
**For Appellant:** CDR Suzanne Lachelier, JAGC, USN.
**For Appellee:** CDR James E. Carsten, JAGC, USN.

**28 February 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of unauthorized absence terminated by apprehension, two specifications of violation of a lawful general order by using and possessing designer drugs, and one specification of marijuana possession, in violation of Articles 86, 92, and 112a, Uniform Code of Military Justice, 10 U.S.C.

§§ 886, 892, and 912a.  The military judge sentenced the appellant to six months' confinement, reduction to pay grade E-1, and a bad-conduct discharge.  The convening authority (CA) approved the sentence as adjudged and, except for the punitive discharge, ordered the sentence executed.  In accordance with the pretrial agreement (PTA), the CA suspended all confinement in excess of time served (84 days).

The appellant's sole assignment of error makes two assertions.  First, the appellant asserts that after the military judge inadvertently became aware of certain terms of the pretrial agreement in advance of the presentencing proceeding, she failed to fully disclose those terms.  Second, the appellant asserts that this failure to disclose renders his waiver of a challenge to the military judge unconstitutional because it was not knowing and voluntary.  We disagree.

After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

**Background**

While in pretrial confinement awaiting trial, the appellant, a 29-year-old sergeant, entered into a PTA where he agreed to plead guilty to the wrongful use of "bath salts," possession of "bath salts" and marijuana, and an eight-month unauthorized absence terminated by apprehension.  The PTA included a time-served provision.  Pursuant to the PTA, the appellant also agreed to plead guilty unconditionally.

Once the PTA was signed, the trial counsel requested the military judge expedite the docketing of the appellant's case, at which time an e-mail was forwarded to the military judge by the trial counsel's chain of command.  This e-mail inadvertently disclosed the time-served provision and the fact that the appellant was in pretrial confinement.  As a result of the PTA disclosure, the military judge held a RULE FOR COURTS-MARTIAL 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) conference the morning of the trial to inform the appellant's trial defense counsel of the fact that she was privy to presentencing information, inconsistent with R.C.M. 910(f)(3).[1]

---

[1] R.C.M. 910(f)(3) states that "in trial before military judge alone the military judge ordinarily shall not examine any sentence limitation contained

2

Prior to the guilty plea inquiry, the military judge disclosed, on the record, that she had been made aware of a sentencing provision "alluding to or stating at least a portion of the protection that [the appellant] receives under part two of the PTA."[2]  She then informed the appellant that this issue could be used to challenge her, or it could be waived by the defense.[3]  Neither defense counsel nor trial counsel requested *voir dire* or challenged the military judge.  The military judge next asked defense counsel if his client wished to proceed despite the fact that she was aware of "some of the protections involved in part two of the PTA," to which defense counsel replied: "Yes, ma'am.  And I've discussed it with Sergeant Baker and he's aware, and he's willing to waive that issue."[4]  The military judge further informed the appellant of his right to a fair and impartial sentence as well as his right to have a judge who has no knowledge of the sentence limitation.[5]  The appellant

---

in the agreement until after the sentence of the court-martial has been announced."

[2] Record at 12.

[3] "MJ: There is one issue that yesterday - this case was not originally on the docket for this week.  There was a request made yesterday by the trial counsel's chain of command asking that it be brought to court, basically, as a walk-in.  As part of the communication back and forth between the judiciary and the counsel, there was an e-mail that was forwarded that had been originally sent through the trial chain of command that did contain within it a sentence alluding to or stating at least a portion of protection that Sergeant Baker receives under part two of the PTA.  Ordinarily the military judge wouldn't be privy to that information, but because I read the e-mail, I saw it.

I raised that to defense counsel this morning and asked -- from my research of the case law, it's an issue that can be waived by the defense, and so, I asked Captain Lovell whether he-you know, let him know what happened, and then asked him to discuss with his client whether it's something that he wished to waive or is something that he wanted to sort of perhaps use as a reason to challenge the military judge.

I'll get into the rest of the 802 in a moment, but in our discussion this morning following that e-mail exchange, Captain Lovell did inform the court that his client intended to waive that issue and proceed today."

*Id.*

[4] *Id.*

[5] Speaking to the appellant, the military judge stated "[Y]ou do have a right to have somebody who doesn't know that information [the PTA], so you could wait and you could have another military judge next week who would be available to hear the case who wouldn't have any of that knowledge. So, it's

3

acknowledged that he understood his right and expressed his desire to proceed.

## Knowing and Voluntary Waiver by Appellant

The sufficiency of a waiver of a constitutional right is a question of law which this Court reviews *de novo*. *United States* v. *Reister*, 44 M.J. 409, 413 (C.A.A.F. 1996).

When accepting a waiver of the accused's right to challenge the military judge, the military judge must determine that the waiver is both knowing and voluntary. *United States* v. *Hansen*, 59 M.J. 410, 414 (C.A.A.F. 2004) (citing *Johnson* v. *Zerbst*, 304 U.S. 458, 464 (1938)). The military judge may accept this waiver of any grounds for disqualification arising under R.C.M. 902(a), provided the judge provides a "full disclosure on the record of the basis for disqualification." R.C.M. 902(e). *See also United States* v. *Villa*, 42 C.M.R. 166 (C.M.A. 1970). Further, the court "will not presume or imply that a military accused understood [his rights] and waived them, absent a *demonstrable showing* in the record that he did in fact do so." *Hansen*, 59 M.J. at 414 (emphasis added).

As a predicate matter, we are unpersuaded by the appellant's argument that the military judge failed to fully disclose the sentence limitation terms of which she inadvertently became aware. Our review of the record convinces us that both parties understood that the military judge was referencing a time-served provision in the sentence limitation.[6] Neither trial defense counsel nor the appellant expressed any confusion or surprise following her explanation or events or summary of the earlier R.C.M. 802 conference. Furthermore, at several junctures during the providence inquiry, the military judge reiterated the appellant's right to challenge the military judge, or at a minimum to *voir dire* her on the matter. At no time during

---

your decision whether you want to proceed today or wait until you have a military judge who doesn't have that information. What do you want to do?" The appellant replied: "Proceed, Your Honor." *Id.* at 13.

[6] On the matter of what the e-mail suggested, the military judge stated: "ordinarily when counsel request a walk-in guilty plea for an accused who's in pretrial confinement, the military judge may sort of, it's not usually a surprise if there is something having to do with one's in confinement around the time when that the accused has already served at play, so it's not a complete surprise to have learned what I did about part two of your PTA." *Id.*

4

the plea colloquy does defense counsel ask for clarification on the record as to the PTA term disclosed to the military judge, or move to disqualify the judge, both actions that were well within their prerogative.[7]  We find that the military judge took more than adequate precautions to ensure the appellant was fully aware of the right he was waiving.

Accordingly, we find that the appellant effectively waived his right to challenge the military judge.

## Military Judge's Knowledge of a Sentence Limitation in the PTA

Even if we were not to apply waiver in this case, we would still conclude that the appellant is not entitled to relief.

A military judge's decision on recusal is subject to an abuse of discretion standard.  *United States* v. *Phillipson*, 30 M.J. 1019, 1022 (A.F.C.M.R. 1990).

As stated in R.C.M. 910(f)(3), in a court-martial before a military judge alone, the military judge "ordinarily shall not examine any sentence limitation contained in the agreement until after the sentence of the court-martial has been announced." However, a military judge is not automatically disqualified based on knowledge of sentence limitations reached in a PTA, because a military judge (sitting alone) is entitled "to the presumption that they have performed their sworn duty properly, in the absence of a clear indication to the contrary."[8]  Military judges are only required to recuse themselves from a proceeding when their impartiality might *reasonably* be questioned.[9]

Here, the military judge inadvertently gained knowledge of a portion of the sentence limitation.  The military judge appropriately brought this matter to the attention of counsel, and made them aware of their right to either *voir dire* or challenge her based on the disclosure.  The appellant, after repeated instructions by the military judge of his right to a new judge, instead chose to proceed with the case.  The military judge's decision not to recuse herself was consistent with her discretion under R.C.M. 902(a) and, based on our review of the

---

[7] *Id.* at 12-13.

[8] *Phillipson*, 30 M.J. at 1021 (citation and footnote omitted).

[9] *Id*. at 1022; R.C.M. 902(a).

record of trial, entirely proper.[10]  Further, the record discloses nothing to indicate that the sentence given by the military judge was in any way influenced by the information she was made privy to.  For these reasons, we find that the military judge did not err by failing to specify the sentence limitation she became aware of.  Nor do we find that the military judge's failure to recuse herself after learning of the term amounts to an abuse of discretion.

## Conclusion

We affirm the findings, and the sentence as approved by the convening authority.

For the Court

R.H. TROIDL
Clerk of Court

---

[10] Under these circumstances, even if trial defense counsel had raised a challenge to the military judge, the military judge would still have been well within her discretion to refuse to recuse herself. *See Phillipson*, 30 M.J. at  1021.