# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTOPHER M. BROWN**
**CAPTAIN (O-3), U.S. MARINE CORPS**

**NMCCA 201300252**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 14 December 2012.
**Military Judge**: Col G.W. Riggs, USMC.
**Convening Authority**: Commanding General, U.S. Marine Corps Forces Command, Norfolk, VA.
**Staff Judge Advocate's Recommendation**: LtCol D.J. Bligh, USMC.
**For Appellant**: CDR Christopher Geis, JAGC, USN.
**For Appellee**: Capt Matthew Harris, USMC.

**30 June 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of wrongfully selling military property, one specification of possessing a machine gun in violation of 18 U.S.C. § 922(o)(1), one specification of obstructing justice, and one specification of receiving stolen property, in violation of Articles 108 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 908 and 934. The military judge sentenced the

appellant to confinement for 12 months, forfeiture of $1000.00 pay per month for 12 months, a $15,000.00 fine, and dismissal from the naval service.  However, as a result of an error made while the military judge was advising the appellant of the effect that adjudged forfeitures would have on his sentence, the convening authority (CA) ordered a post-trial Article 39(a), UCMJ, session[1] wherein the military judge reduced the sentence to confinement for 12 months, a $5,000.00 fine, and a dismissal. The CA approved the sentence as adjudged and ordered it executed.[2]

The appellant asserts three assignments of error: that the Government failed to comply with the pretrial agreement by not paying his spouse all of the deferred forfeitures she was entitled to under the pretrial agreement (PTA); that the appellant was improperly sentenced because the military judge knew the terms of the PTA when conducting the post-trial hearing; and that the military judge erred by not informing the appellant that he would forfeit his right to retirement if sentenced to a dismissal.[3]

The appellant's first assignment of error was rendered moot when the Government paid the appellant's wife the additional monies owed under the PTA.  Finding no merit in the appellant's second and third assignments of error, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant is a former gunnery sergeant who had 14 years of active duty enlisted service before becoming a commissioned officer in 2006.  In 2008 and again in 2009, the appellant

---

[1] Following trial, the CA ordered a proceeding in revision to clarify potential confusion caused by the military judge's explanation at trial of the impact of the pretrial agreement's sentence limitation on adjudged and automatic forfeitures.  Record at 120; Appellate Exhibit VIII.

[2] To the extent that the convening authority's action purported to execute the dismissal, it was a nullity.  *United States v. Bailey*, 68 M.J. 409 (C.A.A.F. 2009).

[3] The third assignment of error was raised pursuant to U*nited States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

deployed to Iraq, where he served as a battalion logistics officer.  Upon returning from the deployments, the appellant started receiving various items of stolen military property from two gunnery sergeants in his unit.  The total value of the stolen property exceeded $14,000.00, and the appellant made nearly $10,000.00 selling the military property on eBay.

During 2009, one of the aforementioned gunnery sergeants gave the appellant a fully automatic AK-47 rifle that had been illegally brought back to the United States from Iraq.  The appellant kept the rifle until he learned that the gunnery sergeant was being investigated by NCIS for possession of similar illegal weapons.  Not wanting to be found with the weapon, the appellant cut the AK-47 into numerous pieces and disposed of the pieces in various area dumpsters.

Additional facts are developed below as needed.

## Military Judge's Knowledge
## of a Sentence Limitation in the PTA

The appellant asserts that the Government violated the terms of its PTA "because the military judge was aware of the sentence limitation portion, or Part II, of the PTA." Appellant's Brief of 5 Sep 2013 at 10.  The appellant further argues that "the military judge's perspective was tainted by his knowledge of the sentence limitation of the PTA" and that "[t]his [was] not what the accused bargained for . . . ."  *Id*. Having reviewed the PTA in this case, and finding no provision that precludes the military judge from being aware of the sentence limitation provisions, we will treat this assignment of error as alleging that the military judge should have recused himself from further participation in the case, vice a failure by the Government to abide by the PTA.

As stated in RULE FOR COURTS-MARTIAL 910(f)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), in a court-martial before a military judge alone, the military judge "ordinarily shall not examine any sentence limitation contained in the agreement until after the sentence of the court-martial has been announced." However, a military judge is not automatically disqualified based on knowledge of sentence limitations reached in a PTA, because a military judge (sitting alone) is entitled "to the

presumption that they have performed their sworn duty properly, in the absence of a clear indication to the contrary." *United States v. Phillipson*, 30 M.J. 1019, 1021 (A.F.C.M.R. 1990) (footnote and citation omitted). Military judges are only required to recuse themselves from a proceeding when their impartiality might *reasonably* be questioned. *Id*. at 1022. Nothing in the record here reasonably suggests that the military judge was not impartial. To the contrary, despite knowing that fines up to $10,000.00 could be approved and executed as adjudged, the military judge reduced the fine from $15,000.00 to $5,000.00; a clear sign that he was not influenced by the terms of the PTA.

### Loss of Retirement

The appellant next argues that the military judge erred by not informing him that he would forfeit his right to retirement if sentenced to a dismissal. This argument is premised upon the appellant's belief that, given his "more than 20 years of active military service at the time of his court-martial," he "would have been eligible for retired pay and benefits" if he had not been "awarded a dismissal at court-martial . . . ." Appellant's Brief at 11.

Although the loss of retirement benefits is "often the single-most important sentencing matter to that accused and the sentencing authority," it is a collateral consequence. *United States v. Griffin*, 25 M.J. 423, 424 (C.M.A. 1988). *But see United States v. Riley*, 72 M.J. 115, 121 (C.A.A.F. 2013) (holding "that in the context of a guilty plea inquiry, sex offender registration consequences can no longer be deemed a collateral consequence of the plea").

In *United States v. Miller*, the Court of Appeals for the Armed Forces "explained the difficult task of challenging a guilty plea in light of unforeseen consequences of a court-martial conviction:

> [W]hen collateral consequences of a court-martial conviction . . . are relied upon as the basis for contesting the providence of a guilty plea, the appellant is entitled to succeed only when the collateral consequences are major and the appellant's

4

> misunderstanding of the consequences (a) results foreseeably and almost inexorably from the language of a pretrial agreement; (b) is induced by the trial judge's comments during the providence inquiry; or (c) is made readily apparent to the judge, who nonetheless fails to correct that misunderstanding.

63 M.J. 452, 457 (C.A.A.F. 2006) (quoting *United States v. Bedania*, 12 M.J. 373, 376 (C.M.A. 1982)) (additional citation omitted). Turning to the facts of this case, we find that the appellant's argument fails for two reasons.

Even assuming that the appellant was retirement eligible,[4] the record clearly shows that there was no misunderstanding. To the contrary, it indicates the appellant knew that he was likely to lose his retirement benefits, and what the impact of that would be. During his sentencing argument, the appellant's civilian defense counsel said "he's going to lose retirement that's probably in excess of $1 million." Record at 111.

In light of these facts, we find no substantial basis in law or fact for questioning the appellant's guilty plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

### Conclusion

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[4] Under 10 U.S.C. § 6323 (a), officers in the Marine Corps cannot apply for retirement, despite having more than 20 years of active service, until they have completed 10 years of service as commissioned officers. The appellant only had six years for commissioned service at the time of his court-martial. The record is silent on whether he could have reverted back to enlisted status and requested retirement.