UNITED STATES, Appellee,

v.

Bruce W. SEWARD, Staff Sergeant,
U.S. Air Force, Appellant.

No. 97–1180.
Crim.App. No. 32416.

U.S. Court of Appeals for
the Armed Forces.

Argued May 13, 1998.

Decided Sept. 30, 1998.

For Appellant: *Captain Tishlyn E. Taylor* (argued); *Colonel Douglas H. Kohrt* (on brief); *Major Ray T. Blank, Jr.*

For Appellee: *Lieutenant Colonel Michael J. Breslin* (argued); *Colonel Brenda J. Hollis* (on brief).

## Opinion of the Court

COX, Chief Judge:

Appellant originally was tried on May 16, 1996, by a general court-martial composed of officer and enlisted members, but the military judge granted a defense motion for mistrial. Appellant had entered pleas to two specifications of wrongful appropriation, Article 121, Uniform Code of Military Justice, 10 USC § 921, and the Government was attempting to prove appellant guilty of the two greater specifications of larceny, as alleged on the charge sheet. The mistrial occurred during the close of the Government's case-in-chief.

After the mistrial was declared, the convening authority re-referred the Charge and specifications for trial by a second general court-martial.[1] At the second court-martial, on June 20, 1996, appellant entered into a pretrial agreement with the convening authority. The pretrial agreement merely stated that if appellant pleaded guilty to the two specifications amended to allege wrongful appropriation, then the Government would not attempt to prove the two greater offenses of larceny. No sentencing limitations were contained in this agreement. The military judge entered findings in accordance with these pleas.

### FACTS

The facts giving rise to the granted issues are as follows[2]:

As required by the pretrial agreement, appellant requested and was tried by military judge alone at the second proceeding. But appellant's request for trial by judge alone was not formally submitted until after his plea of guilty was entered and the Government had completed its case on sentencing.

At the second proceeding, the same military judge merely referred to appellant's earlier guilty pleas and the proceedings at that trial, and asked appellant whether he still wanted to plead guilty. Appellant affirmatively indicated that he wanted to maintain his original guilty pleas. The judge elicited nothing further about the supporting facts before accepting appellant's guilty pleas.

1. Appellant's first and second trials were both held at Ramstein Air Base, Germany.

2. The following issues were granted on December 17, 1997:

I

WHETHER APPELLANT'S PLEA OF GUILTY TO WRONGFUL APPROPRIATION WAS IMPROVIDENT BECAUSE THE MILITARY JUDGE DID NOT GO THROUGH THE INQUIRY REQUIRED BY *UNITED STATES V. CARE*, 18 USCMA 535, 40 CMR 247 (1969), AT THE SECOND TRIAL, HELD ON JUNE 20, 1996.

II

WHETHER THE COURT–MARTIAL LACKED JURISDICTION TO TRY APPELLANT WHEN NO REQUEST FOR TRIAL BY JUDGE ALONE WAS MADE ORALLY ON THE RECORD, AND THE WRITTEN REQUEST WAS ONLY OFFERED TO THE COURT AFTER ALL OF THE GOVERNMENT'S SENTENCING EVIDENCE HAD BEEN ADMITTED.

III

WHETHER THE MILITARY JUDGE IMPROPERLY RELIED ON EVIDENCE THAT HAD NOT BEEN ADMITTED AT THE SECOND COURT–MARTIAL IN SENTENCING APPELLANT.

IV

WHETHER THE APPLICATION OF ARTICLES 57(a) AND 58b, UCMJ, VIOLATES THE *EX POST FACTO* CLAUSE OF THE UNITED STATES CONSTITUTION WITH RESPECT TO APPELLANT.

The Government admitted several prosecution exhibits for the findings portion of the first trial. It is unclear from the record whether they were used at the second trial. Several other exhibits were admitted by the prosecution for sentencing at the second trial.

At this second court-martial, the military judge sentenced appellant to reduction to E–1, confinement for 6 months, and a bad-conduct discharge. Obviously, because there was no limit on sentencing, the military judge's sentence was unaffected by the pretrial agreement. The maximum confinement that appellant could have received as a result of his pleas was 1 year.

*ANALYSIS*

Appellant asks us to set aside the findings and sentence in this case for various reasons. First, he argues that he was prejudiced because, at the second trial, the military judge failed to go through an inquiry on the record into the factual basis to establish his guilt, pursuant to *United States v. Care*, 18 USCMA 535, 40 CMR 247 (1969). Second, he claims that the second court-martial lacked jurisdiction because his request to be tried by military judge alone was not made on the record prior to assembly of this court-martial, and the written request was not offered until after all the Government's sentencing evidence had been admitted. Third, appellant alleges that the military judge improperly relied on sentencing evidence that had only been admitted at the first court-martial. Finally, appellant asks us to evaluate the applicability of the *Ex Post Facto* Clause of the United States Constitution to Articles

57(a)(1) and 58b, UCMJ, 10 USC §§ 857(a)(1) and 858b, respectively.

We summarily grant relief as to the fourth issue pursuant to *United States v. Gorski*, 47 MJ 370 (1997), and discuss the merits of the first three issues.

■■■ As the rule governing mistrials states, the military judge has considerable latitude in determining when to grant a mistrial:

> The military judge may, as a matter of discretion, declare a mistrial when such action is manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness of the proceedings. A mistrial may be declared as to some or all charges, and as to the entire proceedings or as to only the proceedings after findings.

RCM 915(a), Manual for Courts–Martial, United States (1995 ed.). The judge in this case declared a mistrial based upon numerous events—the triggering event being trial counsel's negligence in allowing an exhibit that had not been admitted into evidence to be published to the members.[3] In granting the mistrial, the military judge specifically relied upon the cumulative effect of events in the case:

> There are a number of matters that have come close in this trial to having me declare a mistrial earlier on. This was just the culmination. There have been too many matters that have been brought before this court, I think, to not grant the defense request for a mistrial. And should the matters be subsequently referred to a

---

**3.** The military judge was obviously perturbed by several instances where the Government either ignored the military judge's rulings, attempted to exceed limitations on the extent of questioning into uncharged misconduct, or outright missed the boat. The following is illustrative:

*Questions by Assistant Trial Counsel*:
Q: Okay. You say "at that time"; did you subsequently learn that there were more bounced checks?
DC: Objection, your Honor.
MJ: Sustained.
ATC: You can answer the question.
WIT: *Doesn't sustained mean I don't have to answer?*

MJ: Sustained. Don't answer.
ATC: I'm sorry. Let me rephrase the question.
Q: What did you do as a response to that meeting?
A: Well, from the conversation that I had with Sergeant Seward and Major Meritt, we wanted to help him. The checks were a result of a gambling problem that he had.
DC: Objection, your Honor.
MJ: Sustained. The members will ignore any reference to any problems that the accused may have had.
[Emphasis added.]

new trial, [*sic* ] assume that counsel will be cautious having learned what areas are potentially problematical and will avoid those in the future. . . .

Although it is clear from the rule that the military judge could have declared a mistrial only as to the proceedings occurring after entry of the guilty pleas, it is unclear from this record exactly what the military judge intended. Likewise, the military judge did not rule the declaration of a mistrial in this instance to be caused by intentional prosecutorial misconduct. Because there was no intentional misconduct, the Government was free to continue pursuing appellant at another court-martial. Here, the ruling by the military judge merely served to end the valid referral of charges to the first court-martial and to permit the prosecution to seek referral anew.

The consequences of the military judge's ruling flow from RCM 915(c) itself, which provides:

> (1) . . . A declaration of a mistrial shall have the effect of withdrawing the affected charges and specifications from the court-martial.

> \* \* \*

> (2) . . . A declaration of a mistrial shall not prevent trial by **another** court-martial on the affected charges and specifications except when the mistrial was declared after jeopardy attached and before findings, and the declaration was:

>> (A) An abuse of discretion and without the consent of the defense; or

>> (B) The direct result of intentional prosecutorial misconduct designed to necessitate a mistrial.

(Emphasis added.)

■ The Government elected to pursue these charges at another court-martial and obtained a subsequent referral to trial. There was nothing improper about the second referral. The crux of the matter is, however, that the military judge treated the second trial as a continuation of the first, even though jurisdiction was validly conferred only by this second referral.

Appellate government counsel argue in their brief that because the military judge only declared a mistrial with respect to the larceny charges and appellant had already pleaded guilty to the lesser-included offenses of wrongful appropriation, then appellant's court-martial was only one trial, not two. However, the record of the first trial does not support this argument.

First, the military judge declared a mistrial with respect to the entire proceedings. Second, the charges of wrongful appropriation were before the court as lesser-included offenses of the larceny charges. These charges could not possibly be considered separate for purposes of the mistrial. The declaration of mistrial served to sever jurisdiction, which is why the Government properly sought the new referral which gave rise to the issues before us.

■ We briefly set out the evolution of a court-martial in *United States v. Boudreaux,* 35 MJ 291 (CMA 1992), *cert. denied,* 507 U.S. 952, 113 S.Ct. 1365, 122 L.Ed.2d 743 (1993). There we made clear that "[t]he court-martial retains jurisdiction over the case from the point of referral until the record is authenticated by the military judge, **unless the convening authority withdraws the case."** 35 MJ at 293 (emphasis added). Read in conjunction with RCM 915(c)(1), a mistrial acts as a withdrawal of the charges. Thus, in reality, the mistrial ended the first valid referral. A new referral was necessary to establish jurisdiction again and acted to convene a court-martial separate from the first. *See United States v. Platt,* 21 USCMA 16, 18–19, 44 CMR 70, 72–73 (1971). Theoretically, this court-martial could have been tried by different counsel and another military judge. Presumably in this case, the second court-martial was tried by the same counsel and judge for reasons of judicial economy. Yet, there is no real question that, had this not occurred, a newly detailed judge would have treated appellant's providence inquiry as a nullity, thus initiating a *Care* inquiry from the beginning. *See United States v. Care, supra.*

This court-martial was properly re-referred, and there is no exception for a doc-

trine of continuing jurisdiction to apply in situations where the court-martial is re-referred and tried by the same judge as the first. *See United States v. Platt, supra.* Thus, the military judge erred by not seeking appellant's request for a trial by military judge alone on the record before assembly, by not conducting a new *Care* inquiry, and by not ruling again on evidence previously received.

▪ Having stated this, however, appellant cannot point to any way in which this incorporation by reference of his pleas prejudiced his interests. *Compare* Art. 59(a), UCMJ, 10 USC § 859(a), with *Platt,* 21 USCMA at 19, 44 CMR at 73 (waiver by accused's affirmative actions sufficient to affirm conviction where charges were not re-referred prior to commencement of second court-martial). In contrast with *Platt,* here appellant was subject to the proper jurisdiction of the second court-martial. Appellant affirmatively indicated his desire to plead guilty. Although the military judge merely referred to the first proceeding and failed to conduct a *Care* inquiry at the second proceeding, there was no question that appellant was aware and apprised of the nature of his actions. Appellant requested the mistrial, and the granting of the mistrial only seemed to inure to appellant's benefit. This mistrial apparently convinced the Government to agree to a pretrial agreement.[4] While the method of receiving appellant's second plea is unquestionably irregular, we hold that, under the facts of this case, incorporating appellant's first *Care* inquiry into the second court-martial was not materially prejudicial to appellant's rights. Art. 59(a). The record does not indicate whether the military judge even considered any documents admitted at the first court-martial, and the Government admitted several exhibits at the second; therefore, no prejudice can be ascertained. Art. 59(a). Moreover, the documents pre-sented at the first court-martial were presented by the Government to attempt to prove appellant's intent. These documents, such as appellant's travel orders, leave and earnings statements, and the like, would have had no impact on appellant's sentence. Finally, appellant's desire to be tried by military judge alone was apparent from both the terms of the pretrial agreement and the entry of appellant's written request for a judge-alone trial, albeit after completion of the sentencing proceedings. These actions obviated any claim of jurisdictional error. *United States v. Mayfield,* 45 MJ 176, 178 (1996); *see United States v. Platt, supra.*

The decision of the United States Air Force Court of Criminal Appeals is affirmed as to result only. Collection of any forfeitures, and execution of the reduction in grade prior to the date of the convening authority's action, are hereby declared to be without legal effect. Any forfeitures already collected from appellant, and any pay and allowances withheld because of the premature reduction in grade, will be restored. The record of trial is returned to the Judge Advocate General of the Air Force for appropriate action.

Judge CRAWFORD and Senior Judge EVERETT concur.

GIERKE, Judge (concurring in part and in the result):

I agree with the majority's resolution of Issue IV. With respect to Issues I, II, and III, I agree with the majority that it is unclear from the record of the first proceeding what the military judge intended when he declared a mistrial. 49 MJ at 372. It is clear from the record of the second proceeding, however, that he intended to declare a mistrial only as to the part of the trial occurring after entry of the guilty plea. Thus, I disagree with the majority's conclusion that "the military judge declared a mistrial with

---

4. The pretrial agreement contained no sentence-limitation provisions. The Government agreed not to pursue appellant on the two greater specifications of larceny, provided that appellant plead guilty to the two lesser specifications of wrongful appropriation. These are the same two specifications to which appellant pleaded guilty at the first trial. Thus, the only effect on appellant was that he was not facing another contested proceeding regarding the two greater offenses. This is materially the same position at which appellant would have been during his first trial, had the Government not elected to pursue the same two greater offenses of larceny.

respect to the entire proceedings." 49 MJ at 372.

In *United States v. Platt,* 21 USCMA 16, 19, 44 CMR 70, 73 (1971), this Court looked at the conduct of the military judge at the second proceeding to determine what he intended to do at the first proceeding. Having examined the records of both proceedings in accordance with *Platt,* I am satisfied that the military judge intended to declare a partial mistrial at the first proceeding, making it a valid but incomplete trial, and that he conducted a partial rehearing at the second proceeding to complete the trial. On this basis, I join the majority in affirming the decision of the court below as to Issues I, II, and III.

SULLIVAN, Judge (concurring in part and dissenting in part):

I would remand this case to the Court of Criminal Appeals in accordance with my separate opinions in *United States v. Gorski,* 47 MJ 370, 376 (1997)(concurring in part and in the result); and *United States v. Roseboro,* No. 98–0439, —— MJ —— (Daily Journal July 27, 1998) (dissenting).