UNITED STATES, Appellee

v.

Jamie L. HANSEN, Private First Class
United States Marine Corps, Appellant

No. 03-0363

Crim. App. No. 200100086

United States Court of Appeals for the Armed Forces

Argued December 9, 2003

Decided April 28, 2004

BAKER, J., delivered the opinion of the Court, in
which GIERKE, EFFRON and ERDMANN, JJ., joined. CRAWFORD,
C.J., filed a dissenting opinion.


<u>Counsel</u>


For Appellant: Captain E. V. Tipon, USMC (argued).


For Appellee: Captain Wilbur Lee, USMC (argued); Commander
Robert P. Taishoff, JAGC, USN (on brief); Colonel R. M.
Favors, USMC, and Major Patricio A. Tafoya, USMC.


Military Judge: R. H. Kohlmann


**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION**.

United States v. Hansen, No. 03-0363/MC

Judge BAKER delivered the opinion of the Court.

On March 14, 2000, at Cherry Point, North Carolina, Appellant was tried by a general court-martial composed of a military judge alone. Consistent with his pleas, Appellant was convicted of carnal knowledge and sodomy with a child under the age of 16 years in violation of Articles 120 and 125, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920 and 925 (2000), respectively. He was sentenced to a bad-conduct discharge, confinement for sixteen months, and reduction to the lowest enlisted grade. In accordance with a pretrial agreement, the convening authority approved the sentence but suspended all confinement in excess of fifteen months for a period of six months from the date of the action, and, with the exception of the bad-conduct discharge, ordered the sentence executed. The Navy-Marine Corps Court of Criminal Appeals affirmed the findings of guilty and the sentence. United States v. Hansen, 57 M.J. 815 (N-M. Ct. Crim. App. 2002).

This Court granted review of the following issue:

> WHETHER APPELLANT'S PLEAS WERE IMPROVIDENT AND INVOLUNTARY WHERE THE MILITARY JUDGE FAILED TO PROPERLY INSTRUCT APPELLANT ON THE EFFECT OF A PLEA OF GUILTY TO HIS SUBSTANTIAL RIGHTS, SPECIFICALLY THOSE GUARANTEED BY THE U.S. CONSTITUTION, AS REQUIRED BY UNITED STATES V. CARE, 18 C.M.A. 535, 40 C.M.R. 247 (1969).

United States v. Hansen, No. 03-0363/MC

For the reasons set forth below, we conclude that the military judge did not adequately advise Appellant of his constitutional right to confrontation and right against self-incrimination or obtain from Appellant an intelligent and voluntary waiver of those rights.  As a result, we reverse.

## Discussion

An accused entering a guilty plea waives several of his constitutional rights.  United States v. Care, 18 C.M.A. 535, 538-39, 40 C.M.R. 247, 250-51 (1969)(quoting United States v. McCarthy, 394 U.S. 459, 466 (1969)). These constitutional rights include the right to trial by jury, the right to confront one's accusers, and the privilege against compulsory self-incrimination.  See Boykin v. Alabama, 395 U.S. 238, 243 (1969); McCarthy, 394 U.S. at 466.  They derive from express constitutional text and for many, if not most Americans, these rights are central to the American perception of criminal justice.

These rights are also fundamental to the military justice system, although they apply in the context of the UCMJ somewhat differently than in civilian courts.  See United States v. Wiesen, 57 M.J. 48, 50 (C.A.A.F. 2002); United States v. Benedict, 55 M.J. 451, 456 (C.A.A.F. 2001)(Effron, J., dissenting); United States v. Roland, 50

3

M.J. 66, 68 (C.A.A.F. 1999)(explaining that although a military defendant does not enjoy a Sixth Amendment right to a trial by jury, he or she does have a right to members who are fair and impartial). As a result, if there is to be a waiver of these rights, it "must be an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). "The record must also demonstrate the military trial judge or president personally addressed the accused, advised him that his plea waives his right against self-incrimination, his right to a trial of the facts by a court-martial, and his right to be confronted by the witnesses against him; and that he waives such rights by his plea." Care, 18 C.M.A. at 541, 40 C.M.R. at 253 (citing Boykin, 395 U.S. at 239). Based upon those inquiries and whatever additional discussion the military judge may deem necessary, the judge must make a finding that there is a knowing, intelligent, and conscious waiver in order to accept the plea. Id. at 541-42, 40 C.M.R. at 253-54. That waiver is not to be presumed from a silent or inadequate record. United States v. Harris, 26 M.J. 729, 733 (A.C.M.R. 1988)(characterizing Boykin as prohibiting presumption of waiver from a silent or inadequate record.)

Appellant argues that his plea is improvident because the record fails to demonstrate that he was informed of his constitutional right to a trial of the facts by court-martial, his right to be confronted by and to cross-examine any witnesses, and his right against self-incrimination. See U.S. Const. amend. V, VI.  As importantly, Appellant argues the record fails to demonstrate that Appellant knowingly and intelligently waived these rights.

The government acknowledges that the military judge was not express in his review of Appellant's constitutional rights and waiver.  However, a particular incantation is not required.  See United States v. Burton, 21 C.M.A. 112, 115, 44 C.M.R. 166, 169 (1971)(overruled by United States v. Kossman, 38 M.J. 258 (C.M.A. 1993)).  What is important, in our view, is that the accused is aware of the substance of his rights and voluntarily waives them.  Here, the government argues, the judge addressed the substance of each of the rights in the course of his Care inquiry and on the basis of the entire record properly concluded, "that you have knowingly, intelligently, and consciously waived your rights against self[-]incrimination, to a trial of the facts by this court-martial, and to confront the witnesses against you."  The defense did not challenge the judge's statement.

The government posits that this case is at the crossroads between those judicial circuits that apply a rule of essential substance to determine whether an accused has waived his constitutional rights, and those circuits, primarily the Second Circuit, that apply a strict rule of form, requiring adherence to specific terminology.[1]  We disagree with this paradigm.

First, although this Court recognizes that the military judge should advise the accused of the rights he is waiving by pleading guilty, we have previously declined to adopt a "per se rule that a failure to fully advise an accused mandates reversal."  Harris, 26 M.J. at 732.  Instead, the issue is not whether there is 'exemplary compliance with what we had in mind in Care' but rather whether 'the combination of all the circumstances' leads the court to conclude that the accused's plea was informed and voluntary."  Harris, 26 M.J. at 732 (quoting Burton, 21

---

[1] Compare United States v. Journet, 544 F.2d 633, 634 (2d Cir. 1976) with United States v. Pricepaul, 540 F.2d 417, 425 (9th Cir. 1976) and United States v. Stead, 746 F.2d 355, 357 (6th Cir. 1984).

C.M.A. at 115, 44 C.M.R. at 169).[2]  Thus, in Burton, the Court relied on the military judge's explanation to the accused concerning the consequences of electing to be tried by military judge alone instead of by a jury as reassurance "that the appellant knew of his right to have a jury decide his guilt."  21 C.M.A. at 115, 44 C.M.R. at 169.  Although the judge in Burton "did not use the words 'self-incrimination' and . . . 'confront the witnesses[,]'" the judge did inform the accused that if he invoked his right to plead not guilty the government would have the burden of proving his guilt beyond a reasonable doubt by presenting evidence "that the appellant had the right to confront." Id.  As a result, the Court in Burton determined that the appellant understood his right to confront the witnesses against him.  Id.  "Similarly, implicit in the judge's explanation about the appellant's right to plead not guilty and the Government's burden if he did so is the thought that the appellant was not required to provide any of the proof of his guilt."  Id.

---

[2] Although Burton was overruled in regard to its analysis of speedy trial, it remains valid precedent as to the standard pertinent to the issue here.  See United States v. Kossman, 38 M.J. 258 (C.M.A. 1993); United States v. McCallister, 27 M.J. 138 (C.M.A. 1988).  Thus, we consider Burton the "low water mark" as far as what the record must include to demonstrate that the accused was properly advised of his rights.

Second, the question in this case is not whether the military judge used the correct constitutional formula, but whether the judge's inquiry crossed the threshold of necessary substantive inquiry such that we can reasonably conclude that Appellant understood his rights and knowingly and intelligently waived those rights.

According to the government, the record shows the military judge alluded to Appellant's constitutional rights on six separate occasions. With respect to Appellant's right to a trial of the facts by court-martial, the military judge informed Appellant "you have the right to be tried by a court-martial composed of members . . . You are also advised that you may request to be tried by military judge alone. If that request is approved, the military judge would determine your guilt or innocence . . . ." With respect to Appellant's right against self-incrimination, the judge advised Appellant "Based on your pleas of guilty alone and without receiving any evidence, this court can find you guilty of the offenses to which you are pleading guilty." The judge also instructed Appellant that "By elements, I mean the facts that the government would have to prove beyond a reasonable doubt before you could be found guilty if you pleaded not guilty." With respect to Appellant's right to confront and cross-examine

witnesses, the government invites our attention to that portion of the record where the parties were litigating whether a certain defense witness should be allowed to testify on sentencing. Defense counsel argued that "the military accused has the right to have the testimony of a witness on sentencing as well as on the merits when the testimony is material to an issue before the court." The military judge stated, "If after presentation of the government's evidence, the defense feels that the door has been opened by the government to such rebuttal, the defense should renew its motion at [that] time."

Finally, as noted above, at the close of his Care inquiry the judge advised Appellant on the record that he had "knowingly, intelligently, and consciously waived [his] rights against self[-]incrimination, to a trial of the facts by this court-martial, and to confront the witnesses against [him]." This was done without response or objection from the defense counsel or the accused.

Based on this record, we believe Appellant was advised of, understood, and knowingly waived his right to a trial of the facts. However, we are not prepared to conclude the same with respect to Appellant's right against self-incrimination or his right to be confronted by and cross-examine witnesses. The "combination of all the

circumstances" surrounding the judge's statements regarding those particular rights falls short of demonstrating that Appellant's guilty plea and waiver of the rights was informed and voluntary within the meaning of McCarthy, Boykin, and Care. See Burton, 21 C.M.A. at 115, 44 C.M.R. at 169.[3] Without such an explanation and acknowledgment of the judge's ultimate conclusion, we cannot be confident that Appellant intelligently waived these rights notwithstanding the presence of counsel. After all, the military judge is required to ensure that the accused personally understands the rights he is about to waive. Care, 18 C.M.A. at 541, 40 C.M.R. at 253. We cannot be certain that this was the case here. First, the record establishes that Appellant was not conversant with his constitutional rights. This was evident at the outset of the Care inquiry when the judge advised Appellant of his right to be tried by a court-martial composed of members or by judge alone. When asked whether he understood this right and had discussed these choices with his counsel, Appellant responded, "No, sir." Second, where bedrock constitutional rights are at issue and are waived, we

---

[3] This is in contrast to the thorough, indeed commendable, manner in which the military judge reviewed on the record with Appellant the elements of the offenses with which he was charged.

should not settle for inference and presumption when certainty is so readily obtained.

Pretrial agreements are mortar and brick in the military justice system. The knowing and intelligent waiver of constitutional rights is the foundation upon which they rest. This Court does not require incantation of constitutional formulas. However, we do require a record of confidence that an individual accused had his rights explained to him, understood his rights, and knowingly and intelligently waived them. Because the relinquishment of these bedrock constitutional rights is the essence of the plea bargain, we will not presume or imply that a military accused understood them and waived them, absent a demonstrable showing in the record that he did in fact do so.

## Decision

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy. A rehearing may be ordered.

United States v. Hansen, No. 03-0363/MC

CRAWFORD, Chief Judge (dissenting):

In contrast to Boykin v. Alabama, 395 U.S. 238 (1969), this is not the case of a "silent record," but a record that is replete with evidence demonstrating adequate advice to the accused. The record on the whole affirmatively demonstrates the accused understood the constitutional rights he was waiving and the critical elements of the crime for which he had entered the pleas of guilty. Trial courts are not required to follow a formulistic litany but, in essence, must make sure there is a voluntary plea that is understood by the accused. Clearly, that is true in this case. The majority of courts have considered this issue and refused to vacate a plea simply because the record does not affirmatively show a specific waiver of these three constitutional rights. James E. Bond, Plea Bargaining and Guilty Pleas § 3.8(b) at 3-27 (2d ed. 1982); see also Pitts v. United States, 763 F.2d 197 (6th Cir. 1985); State v. Lee, 558 N.W.2d 571 (Neb. 1997); State v. Branch, 919 P.2d 1228, 1233 (Wash. 1996)(citing Wood v. Morris, 554 P.2d 1032, 1336-37 (Wash. 1976)). The colloquy by the trial judge is not a model to be followed, but it is clear that from the thrust of Appellant's conversation with the judge that he entered an "informed and voluntary" plea. United States v. Burton, 21 C.M.A. 112, 44 C.M.R. 166, 169 (1971).

This Court considers the entire record when determining the providence of a guilty plea. United States v. Redlinski, 58 M.J. 117, 119 (C.A.A.F. 2003). Even before the military judge allowed Appellant to enter a plea, he made Appellant aware of his rights to discovery, to request witnesses on his behalf, to file and litigate motions, and to present evidence on those motions. The military judge and Appellant's defense counsel engaged in a protracted discussion on whether the defense would be allowed to present evidence to rebut an implication that his accuser had been a virgin, which discussion also included an issue of "sentence appropriateness" regarding the trials of the other two Marines charged with similar offenses. Appellant was aware of the military judge's preference to have motions completed prior to pleas "because you never know what's going to arise." The judge assured Appellant had been advised by his counsel and then advised that the guilty plea is the "strongest form" proof known to the law and that "the court can find you guilty of the offenses to which you are pleading guilty" without the introduction of any witnesses. See United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247, 253 (1969). Appellant knew that the plea would admit every element of the offense, and that if he chose to plead not guilty, the government would have to prove each and every element of each offense beyond a reasonable doubt before Appellant could be found guilty. Appellant was advised

he could be found guilty based on his "pleas of guilty alone." He admitted he had enough time to talk to his counsel and believed his advice was in his own best interest. He specifically said he was pleading guilty "voluntarily" and that no one had "forced or threatened him to plead guilty." He indicated he agreed to enter into a stipulation of fact after discussing it completely with his attorney and that it was true, and if entered into evidence could not be contradicted. This advice to the accused lasted approximately 30 minutes and extended over nearly 30 pages of a verbatim record of trial. The judge discussed with Appellant the defense of mistake of fact concerning the age of the victims but agreed that it did not apply.

In the memorandum of pretrial agreement, Appellant admitted that his plea was "voluntary," and that he was satisfied with his defense counsel. He also admitted his attorney "fully advised [him] of the meaning and effect of [his] guilty pleas. [He] fully underst[oo]d their meaning and all the related effects and consequences." Id. He waived his right to an investigation pursuant to Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832 (2000), and his "right to have [his] case tried by members." The judge advised Appellant that he could request to withdraw his plea any time before sentence was announced. Appellant also said he understood "each and every

3

provision" of his pretrial agreement, including a provision that Appellant "testify truthfully at other trials concerning the offenses to which [he was] pleading guilty" and was satisfied with the advice of his counsel.  He had no questions concerning the "meaning and effect" of his guilty plea.  The judge then indicated that he found that Appellant "knowingly, intelligently, and consciously waived his rights against self-incrimination to a trial of the facts by court-martial, and to confront the witnesses against him."  There was no objection by either side to that statement.

As the majority correctly notes, the rights to silence, to confront one's accuser, and to a trial by jury "are central to the American perception of criminal justice" and "fundamental to the military justice system."  So central and fundamental, in fact, that it is a leap of logic to conclude that these rights were unknown to this 22-year-old Marine who was represented by competent counsel, who had negotiated and entered into both a pretrial agreement and a detailed stipulation of fact, and who had discussed his crimes, his agreement to testify in other cases, and many of his trial rights on the record before a military judge.

There was substantial compliance with Care, and Rule for Courts-Martial 910.  We should follow our superior court and hold that even where there is a failure to make a full inquiry,

the failure of the defendant to object constitutes waiver absent plain error.  <u>United States v. Vonn</u>, 535 U.S. 55 (2002); <u>cf.</u> <u>United States v. Benitez</u>, 310 F.3d 1221 (9th Cir. 2002), <u>cert.</u> <u>granted</u> __ U.S. __, 124 S. Ct. 921 (2003)(rejecting argument that defendant's failure to object to lack of advising the defendant that the judge was not bound by the agreement constitutes waiver absent plain error).[*]

On these facts, I can find no material prejudice to any substantial right of Appellant.  His plea was informed and voluntary.  This Court should no longer invite appellants and counsel to negotiate a bargain, plead guilty, gain the benefit of the bargain, and then have the conviction set aside with no demonstration of prejudice and every indication of waiver.

---

[*] The failure to invoke waiver absent plain error invites defense counsels to "plant error."  Victor Kelley, 3 National Military Justice Group 6 (Winter 2004) ("I know of no fiduciary loyalty that the defense owes to the military judge.  It may well be that the judge incorrectly advises the accused or omits an element of the offense.  Should this occur, and should the prosecutor miss it, the defense has an instant appellate issue.").