## UNITED STATES

v.

**David L. GOODWIN, Private First Class (E–2), U.S. Marine Corps.**

**NMCCA 200200247.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 20 Feb. 2001.

Decided 10 Jan. 2005.

Capt Bruce Bokony, JAGC, USNR, Appellate Defense Counsel.

CDR George F. Reilly, JAGC, USN, Appellate Defense Counsel.

Maj J.Ed Christiansen, USMC, Appellate Defense Counsel.

Lt Frank Gatto, JAGC, USNR, Appellate Government Counsel.

Before CARVER, Senior Judge, WAGNER, and REDCLIFF, Appellate Military Judges.

REDCLIFF, Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of unauthorized absence, false official statement, three specifications of larceny, wrongful appropriation, unlawful entry, and two specifications of stealing mail matter, in violation of Articles 86, 107, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 907, 921, and 934. The appellant was sentenced to a bad-conduct discharge, confinement for six months, forfeiture of $690.00 pay per month for six months, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged.

The appellant alleges that the court-martial was improperly constituted, that his plea of guilty to false official statement was improvident, and that a provision of his pretrial agreement violates public policy. Appellant's Brief of 26 Jun 2002.[1]

1. On 4 August 2004, the appellant also requested expedited review of his appeal, which request is now rendered moot by this decision.

We have carefully considered the record of trial, the appellant's assignments of error, and the Government's response. We conclude that there was not substantial compliance with Article 16, UCMJ, 10 U.S.C. § 816, and that remand with a rehearing authorized is required.

### Trial by Military Judge Alone

■ The appellant correctly points out that he was never advised of his forum rights, and that he never expressly elected trial by military judge alone on the record, either personally or through counsel. He contends that these omissions constitute a violation of Article 16, UCMJ. We agree.

An accused may be tried before a military judge alone:

> if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge and the military judge approves[.]

Art. 16(1)(B), UCMJ. The military judge is also required to ascertain whether the accused has consulted with defense counsel about his right to trial by members, and whether the accused knew the identity of the military judge prior to making forum selection. RULE FOR COURT-MARTIAL 903(c)(2)(A), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). In addition, the military judge must approve or disapprove the request for a trial by military judge alone, and announce that the court-martial is assembled. R.C.M. 903(c)(2)(B) and 911. These procedures were not followed in this case.

Our superior court has held that violations of Article 16, UCMJ, are not jurisdictional, so long as there is "substantial compliance" with its requirements. *United States v. Turner*, 47 M.J. 348, 350 (C.A.A.F.1997); *United States v. Mayfield*, 45 M.J. 176, 178 (C.A.A.F.1996). Thus, such errors must be tested for prejudice. *Turner*, 47 M.J. at 350; *Mayfield*, 45 M.J. at 178; *see also* Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

■ In *Mayfield*, the accused was advised of his forum rights by a military judge at an initial Article 39(a), UCMJ, session of court. *Mayfield*, 45 M.J. at 179 (Sullivan, J., concurring). A second military judge assembled the court-martial at a later session of court, but neglected to solicit or approve the accused's request for trial by military judge alone. *Id.* at 177–78. Prior to authentication, the military judge discovered this omission and convened a post-trial session of court. *See* R.C.M. 1102(d). At the post-trial session, the judge re-advised the accused of his forum rights and confirmed that the accused desired trial by military judge alone. *Mayfield*, 45 M.J. at 178. Our superior court held this procedure was sufficient to comply with Article 16, UCMJ. *Id.*

Similarly, in *Turner*, the military judge advised the accused of his forum rights. *Turner*, 47 M.J. at 349. At a subsequent session of court, the trial defense counsel submitted a written request for trial by military judge alone, and confirmed that selection in the presence of the accused. *Id.* Our superior court held that this was error because the accused had not personally requested trial by military judge alone, but that the error was harmless and "substantial compliance" with Article 16, UCMJ, was achieved. *Id.* at 350. The court noted, however, "we expect military judges to inform accused persons, on the record, of their right to trial by courts-martial and to trial by judge alone, and to obtain from the accused either an oral waiver on the record or a written waiver pursuant to Article 16." *Id.*

In *United States v. Seward*, 49 M.J. 369 (C.A.A.F.1998), the accused was originally tried by officer and enlisted members, but the military judge declared a mistrial. At a subsequent hearing, the accused and the Government settled upon a pretrial agreement. *Id.* at 370–71. In conjunction with the pretrial agreement, the accused submitted a written request for trial by military judge alone, but not until after assembly of the court-martial and presentation of sentencing evidence. *Id.* Again, our superior court found this to be a technical violation of Article 16, UCMJ, but not jurisdictional error. *Id.* at 373. The decision does not expressly state whether the accused was advised of his forum rights at the first trial, but considering the panel included enlisted rep-

resentation, it would seem highly likely that such an advisement occurred.

More recently, our superior court addressed a related issue with respect to a request for enlisted members pursuant to Article 25, UCMJ, 10 U.S.C. § 825. In *United States v. Townes*, 52 M.J. 275 (C.A.A.F. 2000), the accused was advised of his forum rights. A written request for enlisted members was submitted, but not signed personally by the accused. *Id.* at 276. The trial defense counsel made an oral request on the record, but the accused did not. *Id.* Our superior court held that this error was not jurisdictional. *Id.* at 277.

Similarly, in *United States v. Morgan*, 57 M.J. 119 (C.A.A.F.2002), the accused was advised of his rights at arraignment. His trial defense counsel subsequently submitted a written request for enlisted representation, but the issue was never discussed on the record. *Id.* at 120–21. The Army Court of Criminal Appeals ordered a *DuBay*[2] hearing to establish the facts surrounding the accused's forum selection, which indicated that the accused did, in fact, choose enlisted representation. *Id.* Our superior court again held this process to be in substantial compliance with Article 25, UCMJ. *Id.* at 122.

In light of this well-established precedent, we cannot conclude that there has been substantial compliance with Article 16, UCMJ, in the appellant's case. The common denominator in all of the cases discussed above is a proper advisement of forum rights. That is missing in the present case. Conversely, we have not found any authority suggesting that substantial compliance with Article 16, UCMJ, can be achieved without a rights advisement on the record. Here, the appellant did not enter any request on the record, nor did the military judge approve one. *See* R.C.M. 903(c)(2). Nor did the military judge assemble the court-martial. *See* R.C.M. 911. The only manifestation of the appellant's intent is a single, stock-language sentence in the pretrial agreement that "I agree to request trial by military judge alone, and waive my right to a trial by members." Appellate Exhibit I at ¶ 11. However, the military judge did not discuss this particular term of the pretrial agreement with the appellant.

Thus, there is simply nothing to indicate that the appellant was properly advised of his forum rights, including the right to enlisted representation, anywhere in this record. *Cf. United States v. Hansen*, 59 M.J. 410, 412 (C.A.A.F.2004)(concluding that "[W]hat is important ... is that the accused is aware of the substance of his rights and voluntarily waives them). Waiver is not to be presumed from a silent or inadequate record." *Id.* at 413.

Likewise, we cannot rule out prejudice in this case. *See* Art. 59(a), UCMJ. The appellant received the jurisdictional maximum punishment on sentencing, and the record of trial does not otherwise establish that the forum selection was the accused's choice. *See Turner*, 47 M.J. at 350. While we acknowledge that it is common practice for the Government to insist upon trial by military judge alone as part of a pretrial agreement, "we should not settle for inference and presumption when certainty is so readily obtained." *Hansen*, 59 M.J. at 413. Thus, we decline to join the Government's "parade of presumptions" in this case and reject its invitation to hold that the military judge's failure to properly advise the appellant of his forum rights was harmless error. *See United States v. Mark*, 47 M.J. 99, 101 (C.A.A.F.1997)(explaining that a well-recognized presumption of regularity is not unlimited in application).

Finding that there has not been substantial compliance with the requirements of Article 16, UCMJ, we will take corrective action in our decretal paragraph. As a result, the appellant's remaining assignments of error are moot.

### Conclusion

Accordingly, the findings and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Navy for submission to an appropriate convening authority who may order a rehearing.

Senior Judge CARVER and Judge WAGNER concur.

---

2. *United States v. DuBay*, 37 C.M.R. 411, 1967    WL 4276 (C.M.A.1967).