# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**D.C. KING, B.T. PALMER, P.D. LOCHNER**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**JOSSUA A. MARRERO-ALVAREZ**
**AVIATION ORDNANCEMAN SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201600011**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 23 September 2015.
**Military Judge:** CAPT Robert J. Crow, JAGC, USN.
**Convening Authority:** Commander, Navy Region Southeast, NAS, Jacksonville, FL.
**Staff Judge Advocate's Recommendation:** CDR N.O. Evans, JAGC, USN.
**For Appellant:** Maj Jason L. Morris, USMCR.
**For Appellee:** Brian K. Keller, Esq.

**26 April 2016**

---------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

Pursuant to his pleas, a military judge sitting as a general court-martial convicted the appellant of two specifications of violation of a lawful general regulation (sexual harassment) and two specifications of wrongful sexual contact, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 920.  The appellant was sentenced to confinement for 10 months, reduction to pay grade E-1, and a bad-conduct discharge.  In accordance with a pretrial agreement, the convening authority approved the sentence as adjudged, but suspended all confinement in excess of 8 months.

While this case was submitted without assignment of error, we note that the military judge failed to obtain from the appellant an election of forum prior to proceeding by military judge alone. RULE FOR COURTS-MARTIAL 903, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Moreover, he neglected to announce that the court-martial was assembled. *See* R.C.M. 911. However, the appellant was advised of his forum selection rights by the military judge at his arraignment, signed and submitted a pretrial agreement wherein he elected to be tried by military judge alone, and stated that he understood his forum rights and that he wished to elect trial by military judge alone during the military judge's explanation of the pretrial agreement. For these reasons, we find substantial compliance with Article 16, UCMJ. *See United States v. Goodwin*, 60 M.J. 849, 850 (N.M.Ct.Crim.App. 2005) (citing *United States v. Turner*, 47 M.J. 348, 350 (C.A.A.F. 1997) and *United States v. Mayfield*, 45 M.J. 176, 178 (C.A.A.F. 1996)). *See also United States v. Hansen*, 59 M.J. 410, 412 (C.A.A.F. 2004); *United States v. Townes*, 52 M.J. 275, 276-77 (C.A.A.F. 2000). Finally, while failing to announce that the court-martial was assembled was an oversight, the record clearly establishes that the appellant was not deprived of any of the protections afforded by R.C.M. 911.

Because we find substantial compliance with the requirements of Article 16, and because the appellant does not aver and we do not find that the omission of statements regarding forum selection or court assembly materially prejudiced the appellant's substantial rights, we find that the findings and the sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ. The findings and sentence are therefore affirmed.

For the Court

R.H. TROIDL
Clerk of Court