*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HOLIFIELD, PENNIX, and HACKEL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Zachariah B. MIHOLERWORTINGER**
Aviation Electronics Technician Third Class (E-4), U.S. Navy
*Appellant*

**No. 202100254**

_____

Decided: 29 April 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Donald R. Ostrom

Sentence adjudged 18 June 2021 by a special court-martial convened at Naval Base Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: a bad-conduct discharge.

For Appellant:
*Lieutenant Commander W. Scott Stoebner, JAGC, USN*

_____

**This opinion does not serve as binding precedent under NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[1] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.

We note that according to Rule for Court-Martial 1101(a), the Statement of Trial Results must accurately reflect the sentence of the court-martial. In this case, the Statement of Trial Results "Section B" does not accurately reflect the sentence of the court-martial. However, we find no prejudice, nor do we find it necessary to order modification of the Statement of Trial Results, as the Entry of Judgment correctly reflects the sentence of the court-martial.

We also note that the military judge failed to announce the assembly of the special court-martial. While this was error, we find it was not a jurisdictional defect. Appellant does not allege prejudice and we find none. *See United States v. Goodwin*, 60 M.J. 849, 850 (N-M. Ct. Crim. App. 2005) ("Our superior court has held that violations of Article 16, UCMJ, are not jurisdictional, so long as there is "substantial compliance" with its requirements. Thus, such errors must be tested for prejudice.") (Internal citations and punctuation omitted).