*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DEERWESTER, HACKEL, and KIRKBY
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Victor ENCISO**
Seaman (E-3), U.S Navy
*Appellant*

**No. 202200136**

_____

Decided: 15 September 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Donald R. Ostrom

Sentence adjudged 16 March 2022 by a general court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 15 months, forfeiture of all pay and allowances,[1] and a bad-conduct discharge.

---

[1] The convening authority suspended the adjudged forfeiture of all pay and allowances for a period of six months from the date of the action, at which time the suspended forfeiture of all pay and allowances was remitted without further action. We note that Appellant was beyond his EAOS at the time of the trial and therefore this suspension had no effect. After review of the facts we find no prejudice to Appellant.

Opinion of the Court

For Appellant:
*Major Brian L. Farrell, USMC*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error[2], we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[3]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

_____

[2] We note that the military judge failed to announce the assembly of the court-martial. While this was error, we find it was not a jurisdictional defect. Appellant does not allege prejudice and we find none. *See United States v. Goodwin*, 60 M.J. 849, 850 (N-M. Ct. Crim. App. 2005) ("Our superior court has held that violations of Article 16, UCMJ, are not jurisdictional, so long as there is 'substantial compliance' with its requirements. Thus, such errors must be tested for prejudice.") (Internal citation omitted).

[3] Articles 59 & 66, Uniform Code of Military Justice, 10 U.S.C. §§ 859, 866.