# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MORRIS, POND, and JUETTEN
Appellate Military Judges

**UNITED STATES, Appellant**
v.
**Colonel WILLIAM C. WRIGHT**
**United States Army, Appellee**

ARMY MISC 20250183

Headquarters, U.S. Military Academy
Carrie L. Ward, Military Judge
Colonel Tiffany M. Chapman, Staff Judge Advocate

.

For Appellant: Captain Vy T. Nguyen, JA; Colonel Richard E. Gorini, JA; Major Anthony J. Scarpati, JA (on brief).

For Appellee: Major Robert W. Rodriguez, JA; Captain Andrew W. Moore, JA; Philip D. Cave, Esquire (on brief).

29 September 2025

-------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
-------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

JUETTEN, Judge:

This case is before us as an interlocutory appeal under Article 62, Uniform Code of Military Justice, 10 U.S.C. § 862 [UCMJ]. Appellant contends the military judge abused her discretion when she dismissed the charges and specifications with prejudice pursuant to Rule for Courts-Martial [R.C.M.] 604(b). For the reasons set forth below, we disagree and deny the government's appeal.

## BACKGROUND

Appellee is charged with two specifications of violating a lawful general order, one specification of violating a lawful order, two specifications of making a

false official statement, and three specifications of wrongful interference with an adverse administrative proceeding, in violation of Articles 92, 107, and 131(g), UCMJ. While these charges, or substantially similar charges, have been referred to a court-martial multiple times, evidence has yet to be submitted to a court-martial regarding appellee's alleged violations. We summarize this lengthy procedural history below.

### A. "Wright I"[1]

Charges were initially preferred on 3 April 2024 and referred to a general court-martial on 3 June 2024 (*Wright I*). On 16 September 2024, appellee filed a motion to dismiss for lack of personal jurisdiction and other related matters.[2] Two days later, the convening authority approved a plea agreement. Pursuant to the plea agreement, appellee agreed to waive all waivable motions and the charges were withdrawn from the general court-martial and re-referred to a special court-martial on 23 September 2024. The defense again filed a motion to dismiss for lack of jurisdiction on 8 October 2024. While this litigation was ongoing, the convening authority withdrew from the plea agreement[3] and dismissed the charges and their specifications without prejudice on 18 October 2024, the day before appellee's scheduled guilty plea.

---

[1] In numbering the iterations of this case, we are delineating *Wright I*, *Wright II*, and *Wright III* based on referral and appearance before a convened court-martial. We note this case was referred five times, but not all proceedings appeared before a court-martial. In the various briefs and filings, the enumeration has varied.

[2] In essence, the appellee raised a motion to dismiss for lack of personal jurisdiction under Article 2(a)(1), UCMJ, as he believed his previously issued retirement orders were not properly revoked by a person with authority to do so and that the government did not properly maintain him on active duty.

[3] In her subsequent ruling terminating *Wright II*, the military judge found that by October 2024, appellee had substantially performed his obligations under the plea agreement. Around 18 October 2024, trial counsel advised defense that the convening authority was considering withdrawal from the plea agreement unless appellee withdrew all pending motions, including a personal jurisdiction motion and its related discovery requests. Appellee agreed to withdraw its motion for relevant discovery and waive the Article 39(a) session to litigate the jurisdiction motion. Appellee's counsel requested the jurisdiction motion remain presented to the court and to be decided on the briefs alone as a necessary step to ensure appellee could be provident to his pleas. In the midst of these discussions, defense was informed that the convening authority would withdraw from the plea agreement.

*B. "Wright II"*

The government re-preferred and referred substantially similar charges to a general court-martial. On 2 December 2024, appellant was arraigned and the parties litigated three related defense motions: (1) Defense Motion to Dismiss for Lack of Personal Jurisdiction; (2) Defense Motion to Dismiss due to Discovery Violations (related to the personal jurisdiction issue); and (3) Defense's Alternative Motion for Specific Performance, requesting the court order compliance with the original plea agreement.

On 2 January 2025, the military judge issued her rulings denying the defense motions to dismiss for lack of personal jurisdiction and discovery violations but granting defense's motion for specific performance ordering compliance with the original plea agreement.[4] The military judge dismissed the charges without prejudice, based on her conclusion that the government's withdrawal of the *Wright I* charges under R.C.M. 604(b) was for three improper purposes:

    (1) To avoid an unfavorable ruling on the pending jurisdictional motion;

    (2) To avoid disclosure of adverse information about a witness relevant to the pending defense motions; and

    (3) Due to the defense exercising a right to make a motion to dismiss.

As a result of the improper withdrawal under R.C.M. 604, the military judge found the appellee was "unfairly prejudiced."[5] In addition to dismissing the charges

---

[4] The military judge denied the defense motion to dismiss for lack of personal jurisdiction. However, the military judge found that while "the government failed to meet its burden, demonstrating it has properly 'maintained' the Accused on active duty, under Art. 2(a)(1), [UCMJ], personal jurisdiction still remains under Art. 2(a)(4)."

[5] The military judge found appellee was prejudiced from the improper withdrawal of charges where the defense had relied on the pretrial agreement by forgoing motions and preparing for a guilty plea; witnesses had been advised of appellee's intent to plead guilty; the government's withdrawal and re-referral more than three weeks later allowed the government to perfect its case with the assistance of the Office of Special Trial Counsel; and appellee was exposed to increased punishment and collateral consequences at a general court-martial.

without prejudice, the military judge ordered the government "to perform in accordance with the original terms of the plea agreement upon any decision to re-refer offenses against the [appellee.]"

On 5 January 2025, the government filed a request for reconsideration.[6] On 7 January 2025, the military judge denied the government request for reconsideration, and on 3 February 2025, the military judge issued a clarification of her 2 January 2025 ruling.[7] Although government counsel alluded to appealing the military judge's ruling, the government did not provide the military judge with written notice of its intent to appeal within 72 hours, as required by R.C.M. 908(b)(3).

## C. "Wright III"

On 11 February 2025, the government preferred charges again. Two days later, the parties entered into a supplemental plea agreement. Pursuant to its terms, the convening authority referred the charges to a special court-martial on 19 February 2025. Appellee obtained new civilian defense counsel, and on 28 February 2025, the appellee withdrew from the plea agreement. The convening authority subsequently withdrew the charges from the special court-martial and referred the same charges to a general court-martial. The appellee then filed a motion to dismiss pursuant to R.C.M 604(b).

On 10 April 2025, during an Article 39a hearing, before arraignment, the military judge dismissed the charges with prejudice. The military judge reiterated that the charges in *Wright II* were previously dismissed due to an improper withdrawal in *Wright I* and that the government did not provide any basis or authority to overcome the R.C.M. 604 procedural bar to re-referral. In ruling, the military judge found:

---

[6] While not at issue, it appears as though the government's request for reconsideration was outside the 72-hour window for an Article 62 appeal, as the judge issued her ruling at 2241 hours on 2 January 2025, and the reconsideration request was filed at 2301 hours on 5 January 2025.

[7] In addition to the request for reconsideration, the government also filed a request for clarification, dated 5 January 2025 (according to the record, it appears to have been filed after that date). In the military judge's response to the government motion for clarification, the judge noted that to the extent it was a second request for reconsideration, such request was denied.

> So while I didn't have reason to dismiss with prejudice, on *Wright II*, I do find that that decision that was utterly lacking in legal research or an identification of a legal authority to bring these charges back. That does give grounds for dismissal with prejudice. These charges and the specifications are dismissed with prejudice, and this court is adjourned.

The appellant then filed this interlocutory appeal under Article 62, UCMJ, and R.C.M 908, asserting that the military judge abused her discretion when she dismissed the charges and specifications with prejudice pursuant to R.C.M. 604(b).

## LAW AND DISCUSSION

### A. Standard of Review and Applicable Law

"Government appeals in criminal cases are disfavored and may only be brought pursuant to statutory authorization." *United States v. Jacobsen*, 77 M.J. 81, 84 (C.A.A.F. 2017) (internal citation omitted). This court is one of limited jurisdiction, and we must exercise our jurisdiction in "strict compliance with authorizing statutes." *Ctr. for Constitutional Rights v. United States*, 72 M.J. 126, 128 (C.A.A.F. 2013).

The government may appeal to this court "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge or specification." UCMJ art. 62(a)(1)(A). "[T]hese elements of the text make it clear that the article refers to terminating *that particular court-martial* in regard to a charge or specification." *United States v. Badders*, 82 M.J. 299, 303 (C.A.A.F. 2022) (emphasis in original). "Accordingly, '[a] new referral [is] necessary to establish jurisdiction again and act[s] to convene a court-martial *separate from the first.*'" *Id.* at 305 (alteration and emphasis in original) (citing *United States v. Seward*, 49 M.J. 369, 372 (C.A.A.F. 1998)).

Article 62(e), UCMJ, provides that the article's provisions "shall be liberally construed to effect its purpose." In filing an interlocutory appeal, however, the government must adhere to the statutory timeline. An appeal of a ruling "may not be taken unless the trial counsel provides the military judge with written notice of

appeal from the ruling within 72 hours of the order or ruling." UCMJ art. 62(a)(2)(A).[8]

In an Article 62 appeal, we review the evidence in the light most favorable to the prevailing party at trial. *United States v. Henry*, 81 M.J. 91, 95 (C.A.A.F. 2021) (internal citations omitted). Article 62(b), UCMJ, limits this court's authority to "act only with respect to matters of law." Thus, we are "bound by the military judge's factual determinations unless they are unsupported by the record or clearly erroneous," *United States v. Pugh*, 77 M.J. 1, 3 (C.A.A.F. 2017), and "may not 'find [our] own facts or substitute [our] own interpretation of the facts.'" *United States v. Becker*, 81 M.J. 483, 489 (C.A.A.F. 2021) (quoting *United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007)).

We review a military judge's ruling to dismiss a charge and its specification for an abuse of discretion. *United States v. Shelby*, 85 M.J. 292, 294 (C.A.A.F. 2025) (citing *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004)). "A military judge abuses her discretion 'when the [military judge's] findings of fact are clearly erroneous, the court's decision is influenced by an erroneous view of the law, or the military judge's decision on the issue at hand is outside the range of choices reasonably arising from the applicable facts and the law.'" *United States v. Vargas*, 83 M.J. 150, 153 (C.A.A.F. 2023) (alteration in original) (quoting *United States v. Stellato*, 74 M.J. 473, 480 (C.A.A.F. 2015)). "[D]ismissal is a drastic remedy and courts must look to see whether alternative remedies are available." *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004) (citing *United States v. Cooper*, 35 M.J. 417, 422 (C.M.A. 1992)). However, dismissal is "appropriate when an accused would be prejudiced or no useful purpose would be served by continuing the proceedings." *Id.* (citing *United States v. Green*, 4 M.J. 203, 204 (C.M.A. 1978)).

We review questions of law, such as the interpretation of statutes and the Rules for Courts-Martial, de novo. *United States v. Lopez de Victoria*, 66 M.J. 67, 73 (C.A.A.F. 2008) (statutes); *United States v. Leahr*, 73 M.J. 364, 369 (C.A.A.F. 2014) (citing *United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008)) (Rules for Courts-Martial). Rule for Courts-Martial 604(b) states that "[c]harges that have been withdrawn from a court-martial may be referred to another court-martial unless the withdrawal was for an improper reason."[9]

---

[8] The Discussion of R.C.M. 907 does clarify that "[d]ismissal of a specification terminates the proceedings with respect to that specification unless the decision to dismiss is reconsidered and reversed by the military judge."

[9] The Discussion to R.C.M. 604 notes that "[i]mproper reasons for withdrawal include an intent to interfere with the free exercise by the accused of constitutional

(continued . . .)

## B. Discussion

The military judge denied appellant's request for reconsideration of her dismissal of the charges in *Wright II* without prejudice on 5 January 2025. At that point, and assuming the request for reconsideration was timely, appellant had 72 hours to file written notice of an interlocutory appeal under Article 62, UCMJ, and R.C.M. 908(b)(3). Appellant did not appeal, and the charges were dismissed, terminating the proceedings in *Wright II*.

Now, appellant attempts to re-open that closed window by bringing the same charges, in the same manner, against the same accused, inducing substantially the same ruling by the same military judge. Appellant then asks this court to treat that ruling as a springboard to revisit the dismissal without prejudice in *Wright II* that was not timely appealed. But our jurisdiction is confined to the military judge's 10 April 2025 ruling in *Wright III*, where she applied R.C.M. 604(b) to terminate proceedings and dismiss the charges with prejudice.

Acknowledging we must construe the provisions of Article 62, UCMJ, to effect its purpose, the statutory deadlines for invoking Article 62 jurisdiction are strict.[10] They bar us from revisiting the January 2025 ruling that terminated *Wright II*. As the military judge noted in *Wright III*, "[w]hether I was right or wrong, it really doesn't matter anymore, because you didn't challenge it."[11] "[Appellee] gets the benefit of the dismissal because the government opted not to file its appeal."

Thus, the issue before us is narrow. Because appellant chose not to appeal the dismissal in *Wright II*, we may not consider the correctness of that previous ruling. To hold otherwise would nullify the time limits of Article 62, UCMJ, and R.C.M. 908, allowing the government to perpetually reset deadlines simply by re-preferring

---

(. . . continued)
rights or rights provided under the UCMJ, or with the impartiality of a court-martial."

[10] *See, e.g., United States v. Daly*, 69 M.J. 485, 486 (C.A.A.F. 2011) (holding the Court of Criminal Appeals lacked jurisdiction to consider a Article 62 appeal where it "took [the government] twelve days to . . . submit a brief to the military judge asking for reconsideration of the order to dismiss.").

[11] We note, the trial counsel made a lengthy argument that while the government chose to not file notice of an appeal under Article 62, UCMJ, and R.C.M. 908, it still "challenged" the military judge's ruling through requests for reconsideration in *Wright II* and *Wright III*.

charges after any adverse ruling.[12]  It is not within the authority of this court to reset the government's tactical decisions.

Appellant forfeited the opportunity to challenge the dismissal in *Wright II*. Our review under Article 62, UCMJ, extends only to the remainder of her ruling in *Wright III* – that the government did not provide any basis or authority to overcome the R.C.M. 604 procedural bar to re-referral and her remedy of dismissal with prejudice.  Based on the record before us, we find no abuse of discretion.

## CONCLUSION

The government appeal is DENIED. We return the record of trial to the military judge for action consistent with this opinion.

Senior Judge MORRIS and Judge POND concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[12] We agree with the logic of our sister court in discussing a similar interlocutory appeal issue for a charge that was abated and re-referred: "[w]ere we to review the merits of the abatement order, we would be allowing the Government indefinitely to avoid the statutory 72-hour interlocutory appeal period simply by re-referring the abated charges and specifications." *United States v. Jeter*, 2025 CCA LEXIS 225, at *25-26 (N.M. Ct. Crim. App. 21 May 2025) (un. pub.).