*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

### UNITED STATES
Appellee

**v.**

### Samuel B. BADDERS, First Lieutenant
United States Army, Appellant

**No. 22-0052**

Crim. App. No. 20200735

Argued March 29, 2022—Decided June 1, 2022

Military Judges: Douglas K. Watkins and Maureen A. Kohn

For Appellant: *Terri R. Zimmermann*, Esq. (argued); *Captain Andrew Britt* and *Jack B. Zimmermann*, Esq.

For Appellee: *Major Dustin L. Morgan* (argued); *Lieutenant Colonel Craig Schapira* and *Captain Karey B. Marren*.

Chief Judge OHLSON delivered the opinion of the Court, in which Judge SPARKS, Judge MAGGS, Judge HARDY, and Senior Judge STUCKY joined.

————————

Chief Judge OHLSON delivered the opinion of the Court.

We hold that when a military judge declares a mistrial, the government may appeal that ruling to a service court of criminal appeals under Article 62(a)(1)(A), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862(a)(1)(A) (2018).

## I. Background

Appellant, who was a first lieutenant at the time of the offense, met Specialist DM through a dating app. While they were both stationed in Germany, the two were involved in a consensual sexual relationship. However, DM alleged that during a January 1, 2019, sexual encounter Appellant inserted his penis into her anus without her consent. This allegation led the convening authority to refer to a general court-martial one specification of sexual assault and one specification of fraternization in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934 (2018).

Appellant entered a plea of not guilty and a trial proceeded before a panel of officer members. Following the

presentation of evidence, Appellant's court-martial recessed for the evening. During this recess a panel member who was the Public Affairs Officer for Appellant's command met with the Staff Judge Advocate, Deputy Staff Judge Advocate, and Chief of Military Justice to discuss a non-case-related matter. The following day the members began their deliberations and they subsequently convicted Appellant of the sexual assault specification.[1] In the course of a judge-alone sentencing proceeding, the military judge sentenced Appellant to a dismissal and confinement for twelve months.

Following the convening authority's decision to take no action, the military judge granted a defense post-trial motion for a mistrial. Citing two erroneous evidentiary rulings and the implied bias of the panel member who met with the legal officers, the military judge concluded that these circumstances, "[t]aken together," would "cast a substantial doubt on the fairness of the proceedings" and therefore a mistrial was "manifestly necessary in the interest of justice."

The military judge's mistrial ruling prompted the Government to file an Article 62, UCMJ, appeal with the United States Army Court of Criminal Appeals (CCA). In regard to the CCA's jurisdiction over the matter, the Government cited Article 62(a)(1)(A), UCMJ, which states that the government may appeal "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge or specification." In response, Appellant moved to dismiss the appeal for lack of jurisdiction arguing that the military judge's mistrial ruling did not "terminate[] the proceedings" as contemplated by the language of the statute.

Adopting the reasoning of a fellow service court, the CCA determined that:

> The purpose of Article 62 is to provide the Government with a right of appeal similar to that applicable in federal civilian courts under the Criminal Appeals Act, 18 U.S.C. § 3731. The Criminal Appeals Act, in turn, was intended to remove all statutory barriers

---

[1] The military judge granted a defense Rule for Courts-Martial (R.C.M.) 917 motion for a finding of not guilty on the fraternization specification.

to Government appeals and permit whatever ap-
peals the Constitution would permit. A narrow in-
terpretation that an order must permanently termi-
nate a proceeding runs counter to this purpose.

*United States v. Badders*, No. ARMY MISC 20200735, 2021
CCA LEXIS 510, at *24 n.5, 2021 WL 4498674, at *8 n.5 (A.
Ct. Crim. App. Sept. 30, 2021) (unpublished) (citations omit-
ted) (internal quotation marks omitted) (quoting *United
States v. Flores*, 80 M.J. 501, 505 (C.G. Ct. Crim. App. 2020)).
The lower court then held that the military judge's mistrial
declaration served to terminate the proceedings for purposes
of Article 62 and was thus "properly reviewable." *Id.*, 2021 WL
4498674, at *8 n.5. The CCA concluded that "[t]o find other-
wise would be contrary to the text of the statute and antithet-
ical to its purpose." *Id.,* 2021 WL 4498674, at *8 n.5. Once the
question of jurisdiction was resolved, the CCA granted the
Government's Article 62 appeal and set aside the military
judge's mistrial order. *Id.* at *43, 2021 WL 4498674, at *16.

We granted review on the following issue:

> Whether the Army Court had jurisdiction over this
> Government appeal of the military judge's post-trial
> order granting a mistrial.

*United States v. Badders*, 82 M.J. __ (C.A.A.F. 2022) (order
granting review).

## II. Standard of Review

"This Court reviews issues of statutory interpretation and
jurisdiction de novo." *United States v. Jacobsen*, 77 M.J. 81,
84 (C.A.A.F. 2017).

## III. Discussion

### A. Applicable Law

"It has long been established that the United States can-
not appeal in a criminal case without express congressional
authorization." *United States v. Martin Linen Supply Co.*,
430 U.S. 564, 568 (1977). In the military justice system, Con-
gress provided authority for government appeals in Article
62, UCMJ. This statute states in relevant part:

> (a)(1) In a trial by general or special court-martial,
> or in a pretrial proceeding under section 830a of this

3

title (article 30a), the United States may appeal the
following:

> (A) An order or ruling of the military judge which
> terminates the proceedings with respect to a charge
> or specification.
>
> . . . .
>
> (e) The provisions of this section shall be liberally
> construed to effect its purposes.

Article 62(a)(1)(A), (e). Our Court has held that "an appeal
must actually fall within the strictures of Article 62(a)(1)(A)
. . . , UCMJ, to create appellate jurisdiction." *Jacobsen*, 77
M.J. at 85.

## B. Appellant's Arguments

Appellant argues that there are several reasons why we
should hold that the CCA lacked jurisdiction to hear the Gov-
ernment's appeal of the military judge's mistrial ruling. First,
Appellant notes that Article 62(a), UCMJ, lists a number of
specific instances where the government may appeal a mili-
tary judge's ruling, but the statute conspicuously omits any
reference to those instances where a military judge grants a
mistrial. In Appellant's view, this omission demonstrates that
Article 62 does not encompass mistrials.

Second, Appellant argues that a mistrial does not neces-
sarily end judicial action on a particular charge or specifica-
tion. Rather, a mistrial merely withdraws the charge and
specification from that particular court-martial and returns
the matter to the convening authority. The convening author-
ity may then decide to refer the charge and specification to a
different court-martial without repreferral or a new Article
32, UCMJ,[2] preliminary hearing. Under these circumstances,
Appellant argues, it cannot be said that a mistrial "termi-
nates the proceedings" because action on the existing charge
and specification may recommence. This procedural posture
stands in contrast to a dismissal under R.C.M. 907(a), which
explicitly "*terminate*[*s*] *further proceedings* as to one or more
charges and specifications." (Emphasis added.) Thus, in Ap-
pellant's view, the distinction between a mistrial and a dis-

---

[2] 10 U.S.C. § 832 (2018).

missal is clear: a mistrial means that a charge and specification are not terminated but rather remain "alive" for purposes of potential further proceedings, but a dismissal means that a charge and specification are terminated because they no longer exist.

Third, Appellant notes that Congress intended for military courts to interpret Article 62, UCMJ, in a similar manner to its civilian counterpart, and in federal civilian courts of appeals mistrials are not subject to appeal.

And fourth, Appellant challenges as fatally flawed prior CCA decisions holding that the government can appeal mistrials under Article 62, UCMJ.

### C. Analysis

As noted above, Article 62(a)(1)(A), UCMJ, states that the government may appeal to the CCA "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge or specification." This provision raises two key questions with respect to Appellant's case.

### 1. What is the Meaning of the Phrase "Terminates the Proceedings"?

The first question that arises is, what does the phrase "terminates the proceedings" mean? Because the statute does not define this phrase, we must seek to discern its ordinary meaning through an analysis of its constituent words. *See HollyFrontier Cheyenne Refining, LLC v. Renewable Fuels Association*, 141 S. Ct. 2172, 2177 (2021) (explaining that words are given their ordinary or natural meaning in the absence of a statutory definition). The meaning of "terminate" is simply to "end" or to "conclude,"[3] while "proceeding[s]" connotes "[t]he regular and orderly progression of" cases.[4] Alas, taken

---

[3] *Black's Law Dictionary* 1774 (11th ed. 2019); *see also Merriam-Webster's Unabridged Online Dictionary*, https://unabridged.merriam-webster.com/unabridged/terminate (last visited May 25, 2022) (defining "terminate" as "to bring to an ending").

[4] *Black's Law Dictionary* 1457 (11th ed. 2019); *see also Merriam-Webster's Unabridged Online Dictionary*, https://unabridged.merriam-webster.com/unabridged/proceeding (last visited May 25, 2022) (defining "proceedings" as "the course of procedure in a judicial action or in a suit in litigation").

together, the plain meaning of these words is rather unillu-
minating for the purposes of this appeal. Indeed, when viewed
in isolation, the phrase "terminates the proceedings with re-
spect to a charge or specification" is ambiguous because it is
reasonably subject to two opposing interpretations. It could
mean (a) the proceedings before the particular court-martial
to which the charge and specification were referred are termi-
nated with respect to the charge and specification, or (b) the
current and any possible further proceedings are terminated
with respect to the charge and specification. And it is these
divergent interpretations which go to the very heart of the is-
sue before us.

When faced with ambiguity regarding the meaning of dis-
crete words or passages, our Court must examine the ambig-
uous phrase in its broader statutory context. *Abramski v.
United States*, 573 U.S. 169, 188 n.10 (2014) (If "the text [of a
statute] creates some ambiguity, the context, structure, his-
tory, and purpose [may] resolve it."); *see also United States v.
Leak*, 61 M.J. 234, 239 (C.A.A.F. 2005) (stating that jurisdic-
tional statutes "must be interpreted in light of the overall ju-
risdictional concept intended by the Congress, and not
through the selective narrow reading of individual sentences
within the" statute). In our view, when viewed in their en-
tirety, the explicit provisions of Article 62 make clear the
meaning of the statute.

Article 62(a)(1), UCMJ, states that "[i]n a trial by general
or special court-martial . . . , the United States may appeal
the following." The article then describes a series of trial ac-
tions that may be appealed, including "[a]n order or ruling of
the military judge which terminates the proceedings with re-
spect to a charge or specification." Article 62(a)(1)(A), UCMJ.
The key words here are "terminates *the* proceedings *with re-
spect to* a charge or specification." (Emphasis added.) In our
view, these elements of the text make it clear that the article
refers to terminating *that particular court-martial* in regard
to a charge or specification. This interpretation is buttressed
by the fact that the article does *not* refer to "[a]n order or rul-
ing of the military judge which terminates all proceedings
with respect to a charge or specification" but instead refers to
"the" proceedings. And importantly, this interpretation is fur-
ther buttressed by the fact that the article does not refer to

"[a]n order or ruling of the military judge which terminates a charge or specification" but instead refers to "[a]n order or ruling of the military judge which terminates *the proceedings with respect to* a charge or specification." (Emphasis added.) These words—"the proceedings with respect to"—are not mere "surplusage" but instead have "independent meaning." *See United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010) (declining to hold that the phrase "should be approved" in Article 66, UCMJ, was surplusage without independent meaning). And we conclude that the independent meaning of these words is that Article 62(a)(1)(A) encompasses those instances where a particular court-martial is terminated in regard to a specific charge or specification.

Seeking to refute the contention that the phrase "the proceedings" in Article 62(a)(1)(A) refers to a particular court-martial, Appellant cites to the fact that there are a number of other instances in the UCMJ where the word "proceedings" is used but it is not in reference to a court-martial. Supplement of Appellant at 27, *United States v. Badders*, No. 22-0052 (C.A.A.F. Dec. 20, 2021) (citing, *e.g.*, Article 1(14), UCMJ, 10 U.S.C. § 801(14) (2018); Article 2(d)(1), UCMJ, 10 U.S.C. § 802(d)(1) (2018); Article 6b(a)(4)(C), UCMJ, 10 U.S.C. § 806b(a)(4)(C) (2018); Article 15(g), UCMJ, 10 U.S.C. § 815(g) (2018); Article 30a, UCMJ, 10 U.S.C. § 830a (2018); Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3) (2018); Article 131f(2), UCMJ, 10 U.S.C. § 931f(2) (2018)). The Government responds that in most instances the UCMJ uses "proceedings" to refer to a particular court-martial. *See United States v. Dossey*, 66 M.J. 619, 623–24 (N-M. Ct. Crim. App. 2008) (providing examples). However, the Government recognizes that exceptions exist. Indeed, at oral argument even the Government admirably acknowledged that "Appellant's counsel does . . . a good job of pointing out in their brief and here in oral argument today . . . other mentions of 'proceedings' in the [UCMJ] that don't align perfectly with the Government's definition . . . ." Nonetheless, this Court is unpersuaded by Appellant's argument because we conclude that our contextual analysis of the specific provisions of Article 62(a)(1)(A) is the correct one. Moreover, even if we were to assume arguendo that Appellant's argument creates some ambiguity as to the meaning of "the proceeding," for the two

reasons explained below he still would not be able to prevail on the granted issue.

First, Article 62(e), UCMJ, explicitly states that the "provisions of this section shall be liberally construed to effect its purposes." It would contradict this statutory mandate to adopt Appellant's restrictive view that Article 62(a)(1)(A) refers only to those narrow circumstances where all proceedings are forever terminated in regard to a charge and specification.

Second, Article 62, UCMJ, was patterned after its federal civilian counterpart—the Criminal Appeals Act, 18 U.S.C. § 3731. *Jacobsen*, 77 M.J. at 86. And as the United States Supreme Court stated in *United States v. Wilson*, the Criminal Appeals Act was "intended to remove all statutory barriers to Government appeals and to allow appeals whenever the Constitution would permit." 420 U.S. 332, 337 (1975). We may extrapolate from these two facts that the provisions of Article 62, UCMJ, broadly permit the government to appeal orders terminating proceedings in those instances where the United States Constitution poses no barrier to doing so.[5]

Therefore, we answer the first question as follows: the phrase "terminates the proceedings with respect to a charge or specification" must be interpreted as meaning the termination of proceedings regarding *a particular court-martial*.

### 2. Does a Mistrial "Terminate the Proceedings"?

Having determined what this phrase means, we next must answer a second question—does a military judge's declaration of a mistrial constitute a termination of the proceedings with respect to a charge or specification?

Our precedent in *United States v. Seward*, 49 M.J. 369, 372 (C.A.A.F. 1998), answers this question. In that case we

---

[5] For example, a constitutional barrier arises when the Double Jeopardy Clause bars a government appeal. *Martin Linen Supply Co.*, 430 U.S. at 568. The mistrial ruling in Appellant's case does not implicate the Double Jeopardy Clause. *See, e.g.*, *Oregon v. Kennedy*, 456 U.S. 667, 672–73, 679 (1982) (recognizing that double jeopardy is implicated where the trial was terminated by mistrial over the objection of the accused without manifest necessity or the government intended to provoke the accused into moving for a mistrial).

cited R.C.M. 915—the rule pertaining to mistrials—and held that "[t]he declaration of [a] mistrial serve[s] to sever jurisdiction"; that is, a "mistrial end[s] the first valid referral."[6] *Seward*, 49 M.J. at 372. Accordingly, "[a] new referral [is] necessary to establish jurisdiction again and act[s] to convene a court-martial *separate from the first*." *Id.* (emphasis added). This approach is consonant with the relevant rules. For example, R.C.M. 907(b)(2)(C)(ii) refers to court-martial proceedings which have "been *terminated* under . . . R.C.M. 915" pertaining to mistrials. (Emphasis added.) And the Discussion section of R.C.M. 915(a)[7] directly equates declaring a mistrial with the termination of proceedings when it states: "[A] mistrial is appropriate when the proceedings must be *terminated* because of a legal defect." (Emphasis added.) Moreover, this approach is consistent with the practice in federal civilian courts. In *Kennedy*, the United States Supreme Court stated that a mistrial granted at the request of a defendant "*terminate*[s] the proceedings against him." 456 U.S. at 672 (emphasis added).

We therefore answer the second question as follows: A mistrial does terminate the proceedings of a particular court-martial.

### D. Conclusion

Article 62(a)(1)(A), UCMJ, authorizes the government to appeal "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge or specification." We hold that a mistrial ruling by a military judge terminates the proceedings of a particular court-martial in regard to a charge or specification. In the instant case the military judge declared a mistrial. Therefore, the CCA had jurisdiction over the Government's appeal of the military judge's mistrial ruling.

---

[6] The version of the mistrial rule in *Seward* is identical to the rule applicable in Appellant's case. *Compare* R.C.M. 915 (1995 ed.), *with* R.C.M. 915 (2019 ed.).

[7] The R.C.M. Discussion is not binding on this Court and only serves as guidance. *United States v. Chandler*, 80 M.J. 425, 429 n.2 (C.A.A.F. 2021).

## IV. Judgment

We affirm the decision of the United States Army Court of Criminal Appeals that it had jurisdiction over the military judge's mistrial ruling.[8]

---

[8] We express no opinion as to the merits of the military judge's mistrial declaration in the instant case, and Appellant may raise that issue in the normal course of appellate review.